### Marceillac's Administrator v. Taylor.

(Decided December 17, 1926.)

### Appeal from Webster Circuit Court.

1.  Lis Pendens—Infant, Adjudged a Lien to Secure Repayment of Sum Paid Vendor, Held Not Entitled to Recover Against Purchasers from Vendor With Notice (Ky. Stats., Section 2358a-1).—Infant,

who was adjudged lien on house and lot to secure repayment of sum paid vendor on purchase price after rescission of contract by him, which lien he had enforced by sale of lot, only part of property remaining after fire, held not entitled to enforce lien against purchasers from vendor, notwithstanding their constructive notice of proceeding from filing lis pendens notice, under Ky. stats., Section 2358a-1.

2.   Infants—Infant's Lien on House and Lot to Secure Repayment of Sum Paid Vendor Cannot be Enforced Against Insurance in Hands of Purchaser from Vendor.—Infant, who was adjudged lien on house and lot to secure repayment of sum paid vendor on purchase price on rescission of contract by him, held not entitled to enforce unsatisfied part of lien against purchaser from vendor collecting insurance money on house.

VERT C. FRAZER, for appellant.

J. C. CANNADY, for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

On the first appeal of this case the judgment was reversed, with directions to the lower court to award the appellant, Marceillac's administrator, a lien upon the real property involved for the satisfaction of his lien arising out of his purchase and payment of a part of the purchase price of a house and lot. See 206 Kentucky, 383.

Marceillac, a minor, purchased a house and lot from Miss Stevens at the price of $2,000.00, paying cash $300.00 and obligating himself to pay the balance in installments, with lien on the property. Soon he became dissatisfied with his bargain and sought to avoid his obligation by pleading infancy, and asked a lien upon the house and lot to secure the money paid by him to Miss Stevens. The lower court denied him the lien, and he appealed. While the suit was pending Miss Stevens sold the house and lot to appellee, Dr. Taylor, for $1,600.00, and Dr. Taylor sold the property to Mr. Snow, and he sold it to Mr. Cole, and Cole took possession of it under his deed, and as owner caused the house to be insured against loss by fire. Soon thereafter the house was destroyed by fire and Cole collected the insurance, $1,200.00. At the time Marceillac instituted his action he filed in the office of the clerk of the county court a *lis pendens* notice in accordance with section 2358a-1, Kentucky Statutes, and all the conveyances of the property in question

were made after the filing of the notice. When the court, some months later, adjudged him entitled to the lien upon the land for the security of the $300.00 paid by him on the purchase price, and directed a sale of the property to satisfy the judgment, the house had been destroyed by fire and there remained merely the lot. When, sold the lot brought only $150.00, leaving a balance of about $260.00 due Marceillac. He then filed an amended pleading making appellees, Taylor, Snow and Cole, and the insurance company, all parties defendant, and after averring all of the facts above recited, and the further fact that Taylor had sold the property for $1,600.00 and received the money, which money was in lien to him for satisfaction of his claim, and making similar averments with respect to Snow and Cole, he prayed judgment against them and each of them for the balance due upon the judgment, and also asked that they be required to record their deeds and that the insurance company be required to come in and file copy of the policy of fire insurance and disclose to whom it issued the policy, the amount of the policy and to whom the insurance was paid. On general demurrer the petition was held insufficient and appellant given time to amend. When amended a demurrer was interposed to the petition as amended and the court again sustained the demurrer, whereupon Marceillac declined to plead further and his petition was dismissed and from that judgment this appeal is prosecuted. Thereafter Marceillac died and the cause was revived in the name of his administrator and is now so prosecuted.

It is the insistence of the administrator of Marceillac (1) that he was entitled to recover of appellees, Taylor, Snow and Cole, one or the other of them, because they and each of them, after the commencement of the action and the filing of the lis pendens, had sold and conveyed the property, taking and converting to their own use the purchase price, thereby becoming indebted to Marceillac for the money due upon the lien adjudged him by the court. Let us look into that. Marceillac was adjudged a lien upon the house and lot described in the petition to secure him the repayment of the $300.00 paid Miss Stevens on the purchase price of the same property when she was the owner. When she sold the house and lot to Taylor and Taylor sold it to Snow and Snow sold it to Cole, the lis pendens had been filed and they had constructive notice of the pendency of the action affecting

the title to the property, and they each took the house and lot subject to the lien of Marceillac, even though the lower court at that time had found against him, and it was some time later before this court held that he was entitled to a lien and directed the lower court to enforce the same. Marceillac was not awarded judgment against Taylor, Snow or Cole, but only adjudged a lien upon the house and lot, and this he had and enforced by the sale of the lot, the only part of the property remaining after the fire. The mere fact that appellees in turn purchased the house and lot and sold it and received the purchase price, did not obligate them to pay to Marceillac any part of his lien claim, nor was Marceillac's lien upon the property affected in any way by their sale of the property. There was no privity of contract between appellees and Marceillac, and he could not require them or either of them, by reason of their purchase or sale of the property, to respond to him.

It is next insisted by the administrator of Marceillac that inasmuch as appellees, or one or more of them, took out fire insurance upon the house, which was later destroyed by fire, and collected the insurance, the one collecting the insurance is liable to him for the amount of the unsatisfied part of his lien, but in this he is also in error. He had a lien upon the property, which was an insurable interest therein. Cole, who took out the insurance, had the deed to the property, and being in possession of it and claiming it, had a perfect right to take out insurance to protect himself against loss by fire, but he was not required to take out insurance to protect any lien or claim of Marceillac in and to the house. That was Marceillac's duty, if he desired such protection. Appellee, Cole, at the time was the owner of the house and lot, subject only to the lien of Marceillac.

The chancellor took this view and extended the general demurrer to the petition as amended. There was no error in this. Judgment affirmed.