No. 28,234.

DALE HARTMAN and R. D. MOLES, *Appellees*, v. H. E. WOLVERTON, *Appellant*.

(270 Pac. 584.)

Opinion filed October 6, 1928.

*Chauncey B. Little* and *Judson S. West*, both of Olathe, for the appellant. *Frank D. Hedrick*, of Olathe, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is another chapter in litigation which has already received this court's attention. See *Hartman v. Wolverton*, 125 Kan. 202, 263 Pac. 789, where the facts are so comprehensively stated that they need not now be repeated.

The trial court made findings of fact and conclusions of law adverse to defendant and granted a permanent injunction against his violation of the restrictive clause of the deed under which the property had been conveyed to him.

Defendant appeals for the purpose of getting this court to explain the meaning of the restrictive clause—

"No residence costing less than twenty-five hundred dollars shall be built on any lot in this addition or any subdivision thereof."

We think this clause so simple that it needs no interpretation and that the multiplying of words would cloud and not clarify it. As applied to this case, it means that the $800 house defendant built

at the rear of the lot for a residence until he gets around to build a $2,500 house, or the $6,000 house he hopes to build sometime, is a plain breach of the restrictive clause in the deed; and the fact that other lot owners heretofore have been permitted to build temporary residences on their lots in disregard of the restrictive clause is of no consequence.

Defendant cites good law-book doctrine that restrictive clauses in deeds are to be fairly and reasonably interpreted, neither too narrowly nor too broadly. Of course that is the law. And in consonance therewith we are bound to hold that an $800 residence, although designed eventually to be used as a poultry house, violates the textbook rules of interpretation invoked by the appellant.

The judgment is affirmed.