Hillsborough,  
Nov. 4, 1936.

THOMAS J. LARGY *v.* ROGER H. MORRISON.

*James A. Broderick* (by brief), for the plaintiff.

*Cooper & Hall* (by brief), for the defendant.

ALLEN, C. J. The case is governed by that of *Sweeney* v. *Haggerty*, 87 N. H. 232. There, as here, the goods attached were allowed by the receiptor to be used by the debtor freed from any liens or restrictions upon the latter's ownership. The debtor's disposal of a part of the goods prior to his bankruptcy did not serve to obligate the receiptor in respect thereto. As said in the *Sweeney* case (*p.* 235): "by taking possession of all the attached goods which had not been disposed of by the debtor, or their proceeds, the trustee did elect to treat the attachment as dissolved." Although the bankrupt may enjoy the full benefit of the goods sold or used by him, and his creditors receive nothing therefrom, yet the attachment in its entirety is avoided by the trustee's action in taking the goods remaining in the debtor's possession, or the proceeds of any previously sold by the debtor.

The receiptor's admission of a demand by the attaching officer and of non-compliance with the demand is of no effect upon liability. The admission is no more than evidence of a conversion. The conversion consists of the exercise of dominion over the property in violation of the rights of the owner or person entitled to possession. *Porell* v. *Cavanaugh*, 69 N. H. 364, and cases cited; *Knapp* v. *Guyer*, 75 N. H. 397; *Jones* v. *Stone*, 78 N. H. 504. In the *Sweeney* case, the receiptor, as against the attaching officer, converted the attached property by permitting the debtor to keep and use it as his own, as fully as the

defendant here acted wrongfully. The receipt barred any claim that he did not receive the property, and hence that he did not deliver it to the debtor, in disregard of his obligation to restore it on demand to the attaching officer.

Granting the conversion for which the attaching officer might sue, his right of action depended upon his right of possession. This right being lost by the election of the bankrupt's trustee to avoid the attachment, the right to maintain trover was also lost. The election operated to extinguish the cause of action. Even if the officer had brought suit before the election, yet the election would have had effect to defeat it, since by the election his right of possession became lost *ab initio*. It was a right subject to a condition subsequent. If the officer had received possession from the receiptor on demand for the property, he would have been under obligation to relinquish his possession to the trustee. The officer in a suit against the receiptor may recover only the value of the lien interest as damages (*Harvey* v. *Morse*, 69 N. H. 475), and when it may be shown that the interest has no value, no loss has been sustained. The right of possession being in final event avoided, its presumptive infringement is not a real one when the right becomes nullified. The view that nominal damages may be recovered, as taken in *Polley* v. *Hazard*, 70 Vt. 220, is not thought to be sound.

No principle of estoppel may be applied here. The defendant led neither the attaching officer nor the plaintiff for whom the attachment was made to take losing action or to omit saving action. If they were mistaken as to the legal effect of the receipt and the admission of a conversion, the defendant was not responsible for the mistake. He did nothing which the defendant in the *Sweeney* case did not do, except to admit the conversion, and that admission, inconclusive to acknowledge or show ultimate liability, had no misleading force.

The case is consistent with that of *Healey* v. *Hutchinson*, 66 N. H. 316, where a paramount title to part of the attached property was held to relieve the receiptor from liability therefor. The invalidity of the attachment of another's property does not affect the validity of an attachment of the defendant's. If here both the bankrupt's and another's property had been attached, the trustee's election to avoid the attachment would not be necessary to dissolve the attachment of the property not belonging to the bankrupt. It was already invalid.

Nor is the case in conflict with that of *Rochester Lumber Co.* v. *Locke*, 72 N. H. 22. Therein the trustee in bankruptcy disclaimed any

interest in the attached property. The attachment therefore remained in force, since only the trustee may elect to avoid an attachment.

*Judgment for the defendant.*

All concurred.