## UNITED STATES v. CHARLES.
### No. 2190.

District Court, W. D. New York.
June 15, 1939.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Aubrey Lawrence and C. C. Daniels, Sp. Assts. to Atty. Gen., of counsel), for complainant.

Nelson T. Barrett, of Buffalo, N. Y. (Henry S. Manley, of Albany, N. Y., of counsel), for defendant.

BURKE, District Judge.

This cause has been the subject of various motions. Upon motion of the defendant to dismiss the original bill herein on the ground that it did not state facts sufficient to constitute a cause of action and on the ground of lack of jurisdiction, it was decided by this court that the complaint stated a cause of action cognizable in equity. 23 F.Supp. 346. Thereafter the defendant filed her answer. The complainant then moved for summary judgment which was denied. Thereafter the complainant moved for leave to amend the bill of complaint. This court granted leave to amend and pursuant thereto an amended complaint was filed and served to which the defendant has answered. The complainant now moves upon all the papers filed herein for summary judgment upon the ground that there is no genuine issue as to any material fact.

It is the contention of the plaintiff that Gertrude Blackchief filed with the Chief's Council of the Tonowanda band of Indians, in accordance with the customs and usages of said tribe, a petition for the purpose of evicting Ira Charles and Hattie Charles, adverse claimants who claimed heirship which entitled them to the lands in question, and that in said petition Gertrude Blackchief requested the determination of the Chief's Council in accordance with the laws and customs of the Tonowanda band. This is denied by the answer. The affidavit of Nick Bailey opposing the first motion of complainant for summary judgment shows that for about a century allotments of land have been made by the Chief's Council to various members of the tribe and have ever since from time to time been made to various members, said allotments being recorded in the clerk's book of records; such allotments gave to the allottees and their heirs the right of possession of the land; no such allotment, when once made, could be revoked by any person or body and even the Chief's Council have no right to interfere with or take away such allotment from any Indian or his lawful heirs. By the pleadings amplified by the affidavits there is placed at issue the customs and usages of the Tonowanda band of Indians regarding the right to possession of real property upon the death of a decedent member of the tribe

and also the jurisdiction of the Chief's Council according to the customs and usages of the tribe to determine disputes relative to the possession of such real property. These are genuine issues regarding facts material to the dispute between the parties. Accordingly, the motion for summary judgment is denied.