CORA L. VANDYKE v. THE PENNSYLVANIA RAILROAD COMPANY, a corporation of the State of Pennsylvania.

(*January* 28, 1952.)

TERRY, J., sitting.

*Albert L. Simon* for plaintiff.

*William Poole* (of Berl, Potter and Anderson) for defendant.

Superior Court for New Castle County, No. 664, Civil Action, 1951.

TERRY, J.:

This action was brought by the plaintiff, Cora L. VanDyke, against the defendant, The Pennsylvania Railroad Company, a Pennsylvania corporation, to recover the actual or full value of a trunk and contents allegedly lost after delivery to the defendant at Washington, D. C., for shipment and before delivery to plaintiff at its destination, Dover, Delaware.

The allegations of the complaint are:

1. On September 24, 1947, the plaintiff shipped from Washington, D. C., to Dover, Delaware, via The Pennsylvania Rail-

road Company, a large trunk containing personal wearing apparel of the plaintiff. The shipment originated in Mexico and arrived at Washington, D. C., by way of connecting carriers, and was delivered by agent of Empire Freight Company, Inc., to The Pennsylvania Railroad Freight Office at Washington, D. C. The above trunk, together with other items, were carried by the defendant railroad company from Washington, D. C., to Dover, Delaware, and the shipment arrived at the Freight Office of The Pennsylvania Railroad Company in Dover, Delaware, on October 2, 1947. On the same day, the Agent of The Pennsylvania Railroad Company notified the plaintiff that her shipment had arrived. On the afternoon of October 2, 1947, the plaintiff presented her bill of lading to the Freight Agent of The Pennsylvania Railroad Company at Dover, Delaware, and requested delivery of her shipment including the above mentioned trunk. The Agent refused to deliver the shipment to her until a sum of money was paid by her. She advised the Agent that the sum had been prepaid, and the bill of lading was marked prepaid. Notwithstanding the pre-payment of all charges by the plaintiff, the defendant illegally and wrongfully withheld delivery of the shipment, including the above trunk, from the plaintiff. Although the bill of lading was marked pre-paid, the plaintiff was required to communicate with Federal Storage Company of Washington, D. C., which was the Agent of the initial carrier, Empire Freight Company, Inc., of Los Angeles, California, and the Freight Agent of the defendant railroad company was finally convinced on October 14, 1947 that the charges had been in fact pre-paid. However, when delivery of the shipment was offered to the plaintiff by the defendant on October 14, 1947, it was found that the above mentioned trunk was missing and had been lost at Dover, Delaware, between October 2, 1947, when demand was made therefor by the plaintiff, and October 14, 1947, when the defendant finally conceded that it was wrong in improperly withholding the shipment from the plaintiff.

2. Although the bill of lading provides for a limitation of liability of the defendant of ten cents per pound, the plaintiff

says that the limitation of liability under said bill of lading terminated on October 2, 1947 when the plaintiff demanded delivery of the shipment. Had delivery of the shipment been made on October 2, 1947, when the plaintiff demanded it, the entire shipment, including the trunk, would have been in possession of the plaintiff on October 2, 1947. Because of the improper and illegal refusal of the defendant, through its Agent, to deliver the shipment to the plaintiff on October 2, 1947, the large trunk was lost by the defendant railroad company, for which the defendant is liable for the full value thereof.

3. Attached hereto is an itemized list of the contents and values of the articles contained in said trunk.

Wherefore, plaintiff demands judgment against the defendant in the sum of $665.00 plus court costs.

### Contents of Trunk

| | |
|---|---|
| Woolen coat | $150.00 |
| Woolen suit | 100.00 |
| 5 Prs. of shoes @ $10.00 per pair | 50.00 |
| 4 Silk dresses | 100.00 |
| Woolen underwear | 25.00 |
| 1 Bathrobe | 25.00 |
| Misc. | 150.00 |
| Wardrobe trunk | 65.00 |
| Total | $665.00 |

The answer embraces the following defenses:

### First Defense

1. Answering paragraph 1 of the complaint, defendant admits that on or about September 24, 1947, Empire Freight Company per Federal Storage Company, Agents, delivered to the defendant a shipment consigned to Mrs. C. L. VanDyke, 149 S. Bradford Street, Dover, Delaware, a shipment comprised of eighteen different packages, one of which was described as "1

Trunk, roped and locked, #16". This shipment was made pursuant to a uniform straight bill of lading issued by defendant, a copy of which is attached hereto and marked Exhibit "A", accompanied by a combination bill of lading and express bill issued by Empire Freight Company, Inc., a copy of which is attached hereto and marked Exhibit "B". Defendant is without knowledge of the contents of the trunk referred to in paragraph 1 of the complaint.

Defendant admits that on or about October 2, 1947, a portion of the shipment consigned to plaintiff arrived at the freight office of defendant in Dover, Delaware, but denies that the trunk designated as item #16 on the bill of lading (Exhibit "A") arrived at Dover at that or any other time.

Defendant admits that on or about October 2, 1947, its agent notified the plaintiff that a portion of her shipment had arrived at Dover and that on or about that date plaintiff presented her bill of lading to defendant's freight agent at Dover and requested delivery of her shipment. Defendant further avers that on October 2, 1947, plaintiff did not tender to defendant any sum of money to pay the C.O.D. charges then due.

Defendant admits that when plaintiff originally requested delivery of her shipment on or about October 2, 1947, freight charges were demanded along with the C.O.D. charges in accordance with the notation endorsed on the bill of lading. At the time plaintiff requested delivery of her shipment, defendant's agent informed plaintiff that the trunk was missing and that defendant would attempt to trace it.

Defendant admits that on or about October 2, 1947, plaintiff informed defendant's agent that the freight charges were not due and that the shipment was a prepaid one.

Subsequently, defendant's freight agent ascertained from Washington, D. C., the point of origin of the shipment, that the defendant company's freight charges were not due and that the

shipment was a prepaid one, and immediately upon receiving this information on or about October 14, 1947, the defendant's freight agent notified plaintiff that she could obtain the shipment upon payment of the C.O.D. charges but that the trunk had not yet been located. On or about October 14, 1947, plaintiff called for the shipment of goods consigned to her and paid the C.O.D. charges in the amount of $385.45 and said shipment, except for the missing trunk was delivered to plaintiff. A copy of the receipted freight bill showing payment of the C.O.D. charges is attached hereto, made a part hereof and marked Exhibit "C".

2. Defendant admits that the bill of lading (Exhibit "A") provides for a limitation of liability of defendant to ten cents per pound, in the following terms: "Note—Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding *ten cents per lb.*"

Defendant denies that had delivery of the shipment been made on or about October 2, 1947 when plaintiff demanded it, the entire shipment, including the trunk would have been in possession of the plaintiff on or about October 2, 1947. Defendant denies that it was improper or illegal to refuse delivery of the shipment to the plaintiff on or about October 2, 1947, and further denies that for that or any other reason the defendant is liable for the full value of the trunk designated as item #16 on the bill of lading. Defendant further avers that the trunk in question weighed not in excess of 200 pounds.

3. Defendant neither admits nor denies that the list attached to the complaint is an itemized list of the contents and values of the articles contained in the said trunk.

### Second Defense

4. For further defense, defendant admits it is liable for the sum of $20.00 for the loss of the trunk, the said sum being de-

termined by multiplying the declared valuation of ten cents per pound by the weight of the trunk which as heretofore set out did not *exceed* 200 *pounds*. Defendant in accordance with Rule 67 of this Court has petitioned this Court to permit it to deposit in Court said sum of $20.00 admitted to be due.

### *Third Defense*

5. In accordance with the provisions of the *Interstate Commerce Act* (49 *U. S. C. A. Chap.* 1) and legislation suplementary thereto (49 *U. S. C. A. Chap.* 2), defendant has filed its rate schedules and tariffs with the Interstate Commerce Commission. The tariff schedules applicable to household goods consigned to the plaintiff provides a choice of ratings at the shipper's option dependent upon the released valuation elected by the shipper. The rating selected by the plaintiff in this case was based upon a released valuation not exceeding ten cents per pound. The tariff schedule provides that the released valuation selected by the shipper must be entered on the shipping order and the bill of lading. In the uniform bill of lading applicable to the shipment consigned to the plaintiff (Exhibit "A") the released valuation elected by the shipper was stated to be not exceeding ten cents per pound, and the rate charged by defendant company was determined on the basis of this released valuation in accordance with the said rate schedule and tariffs. By reason of the foregoing, defendant is obligated as a matter of law to pay not in excess of ten cents per pound for the loss of any article shipped to plaintiff under the terms of the bill of lading applicable to the shipment which is the subject matter of this suit.

Attached to the answer and marked as an exhibit is a .copy of the uniform bill of lading pertaining to said shipment. Listed thereupon, among the customary recitations, appears the following:

1. Charges "Prepaid".

2. Declared valuation "ten cents per lb."

3. "Please collect the sum of $383.64 and remit to: Federal Storage Company, 1701 Florida Avenue, Washington 9, D. C."

Subsequent to the filing of the answer the defendant directed the following interrogatories to the plaintiff.

1. What was the weight of the large trunk and contents referred to in paragraph 1 of the complaint?

2. If you do not know the exact weight of the trunk and contents mentioned in paragraph 1 of the complaint, give the approximate weight of the trunk and contents to the best of your ability to estimate said weight.

3. What do you claim to be the weight of the trunk and contents referred to in paragraph 1 of the complaint?

The plaintiff's answers to the foregoing interrogatories are as follows:

1. I do not know the exact weight of the trunk and contents.

2. The approximate weight of the trunk and contents to the best of my ability to estimate was between 500 and 600 pounds.

3. I claim the weight of the trunk and contents to be approximately 550 pounds.

The defendant now moves for a summary judgment in favor of the plaintiff in such a sum as represents the declared valuation of the trunk and contents referred to in the complaint at the rate of ten cents per pound.

The question presented under the defendant's motion is, Can the plaintiff in any event under the pleadings—that is, the complaint, the answer and the interrogatories—recover an amount in excess of the declared valuation of the trunk and contents?

Upon motion, summary judgment, under the provisions of Rule 56(c) of this Court, will be rendered forthwith in

any cause if the pleadings, depositions and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment. The appearance of certain factual issues in the present case, although genuine, are not in my opinion sufficiently material to stay my right to entertain and dispose of the defendant's motion for summary judgment.

The allegations of the complaint, while not couched in language ordinarily employed in setting forth an action of trover for conversion, nevertheless, are sufficiently clear to indicate that conversion by the defendant of the trunk and contents at Dover on October 2, 1947 is the sole foundation of the plaintiff's claim.

The shipment in the present case was interstate in character; thus, the rights and liabilities of the parties must be determined, if possible, in the light of the decisions of the Supreme Court of the United States in interpreting the *Interstate Commerce Act* and amendments thereto, 49 *U. S. C. A.* § 1 *et seq.*

The Supreme Court has consistently ruled that one of the purposes of the enactment of the Commerce Act and amendments thereto was to provide uniformity as to loss or damage to goods being transported in Interstate Commerce and that the carrier's liability in respect to transportation thereunder is subject to the Acts of Congress, the contract of carriage, and certain common law principles found to be applicable thereto. *Cincinnati N. O. & T. P. Ry Co. v. Rankin,* 241 *U. S.* 319, 36 *S. Ct.* 555, 60 *L. Ed.* 1022; *Southern Express Co. v. Byers,* 240 *U. S.* 612, 36 *S. Ct.* 410, 60 *L. Ed.* 825, *L. R. A.* 1917*A,* 197; *Georgia F. & A. R. Co. v. Blish Milling Co.,* 241 *U. S.* 190, 36 *S. Ct.* 541, 60 *L. Ed.* 948; *St. Louis I. M. & S. R. Co. v. Starbird,* 243 *U. S.* 592, 37 *S. Ct.* 462, 61 *L. Ed.* 917; *So. R. Co. v. Prescott,* 240 *U. S.* 632, 36 *S. Ct.* 469, 60 *L. Ed.* 836; *Am. R. Exp. Co. v. S. & W. Estroff,* 159 *Ga.* 58, 125 *S. E.* 40; *Railway Express Agency v. Marchant Calculating Machine Co., D. C. Mun. App.,* 52 *A.* 2d 277; *Adams Express v. Croninger,* 226 *U. S.* 491, 33 *S. Ct.* 148, 57 *L. Ed.* 314.

The pertinent portion of the Commerce Act involved is designated as the Carmack amendment, which recites in part as follows, 49 *U. S. C. A.* § 20(11): "Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it * * *. Provided, however, That the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, * * * second, to property, except ordinary livestock, received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released, and shall not, so far as relates to values, be held to be a violation of section 10 of this chapter; and any tariff schedule which may be filed with the commission pursuant to such order shall contain specific reference thereto and may establish rates varying with the value so declared and agreed upon * * *."

The defendant's compliance with other provisions of the *Commerce Act,* 49 *U. S. C. A. Chapter* 1 and legislation supplementary thereto, 49 *U. S. C. A. Chapter* 2, in filing its rate schedules and tariffs with the Commission is not denied by the plaintiff. In fact, she has alleged in her complaint that the shipment in question was subject to a restricted liability on the part of

the defendant of ten cents per pound, which the defendant in its answer has alleged to be the released valuation elected by the plaintiff, and that the rate charged by the defendant for transporting the shipment was determined upon the basis of said released valuation in accordance with the rate schedules and tariffs as filed by the defendant with the Commission.

Since no issue is raised by the pleadings relating to the validity of the stipulation concerning the restriction of liability on the part of the defendant insofar as the Commerce Act or the schedules and tariffs as filed are concerned, I pass to the question of the effect of the stipulation under the circumstances of the present case; that is, did the refusal of the defendant's agent at Dover on Ocotber 2, 1947 to deliver the trunk and contents to the plaintiff upon her demand as alleged in the complaint constitute a conversion thereof by the defendant, thus rendering inapplicable the stipulation restricting the defendant's liability to the declared valuation of the trunk and contents?

The decisional law is voluminous concerning the applicability of a stipulation restricting the carrier's liability under the Carmack amendment in cases involving loss or damage to goods in transportation. The stipulation has been found to be applicable in cases involving (1) failure to deliver, whether such failure be deemed a misdelivery or a nondelivery, *Georgia F. & A. R. Co. v. Blish Milling Co.*, 241 *U. S.* 190, 36 *S. Ct.* 541, 60 *L. Ed.* 948; *Adams Exp. Co. v. Croninger*, 226 *U. S.* 491, 33 *S. Ct.* 148, 57 *L. Ed.* 314; *Railway Exp. Agency v. Marchant Calculating Machine Co., D. C. Mun. App.*, 52 *A.* 2d 277; (2) damage to goods in transportation, *Am. Ry. Exp. Co. v. Lindenburg*, 260 *U. S.* 584, 43 *S. Ct.* 206, 67 *L. Ed.* 414; *Ry. Exp. Agency v. Marchant Calculating Machine Co., supra;* (3) damage to goods resulting from delay in delivery, *So. Exp. Co. v. Pastime Amusement Co.*, 299 *U. S.* 28, 57 *S. Ct.* 73, 81 *L. Ed.* 20; *Ry. Exp. Agency v. Marchant Calculating Machine Co., supra;* (4) shipment lost in transit, *Missouri Pac. Ry. Co. v. Harper Bros.*, (7 *Cir.*) 201 *F.* 671; *Kansas So. Ry. v. Carl*, 227 *U. S.* 639, 33 *S. Ct.* 391, 57 *L. Ed.*

683; (5) conversion by agent of carrier, or theft by third person, *Moore v. Duncan,* (6 *Cir.*) 237 *F.* 780, 150 *C. C. A.* 534; *Ry. Exp. Agency v. Marchant Calculating Machine Co., supra;* (6) negligence of employee of carrier, *Ry. Exp. Agency v. Marchant Calculating Machine Co., supra;* (7) destruction of goods by fire, *So. Ry. v. Prescott,* 240 *U. S.* 632, 36 *S. Ct.* 469, 60 *L. Ed.* 836.

■ Notwithstanding the general rule that a stipulation restricting the carrier's liability found in a contract of carriage is applicable in practically all situations involving loss or damage to goods, yet, the carrier can never invoke protection of the stipulation in the event of a true conversion by the carrier itself, as in such instances uniformity prevails in the settled conclusion that a carrier by reason of an appropriation of the goods for its use and gain has forfeited its right and protection under such a stipulation and is, therefore, liable to the shipper for the actual value of the goods so converted. *Dexter & Carpenter v. Davis,* (4 *Cir.*) 281 *F.* 385; *Henderson v. Wells Fargo & Co., Tex. Civ. App.,* 217 *S. W.* 962; *Ry. Exp. Agency v. Marchant Calculating Machine Co., supra; Norfolk & Western Railroad Co. v. Nottingham & Wren,* 139 *Va.* 748, 124 *S. E.* 398; *Am. Ry. Exp. Co. v. Levee,* 263 *U. S.* 19, 44 *S. Ct.* 11, 68 *L. Ed.* 140; *Moore v. Duncan, supra.*

The plaintiff concedes the general rule to be as I have indicated, but in the present case she says that the refusal to deliver the trunk and contents to her upon her demand on October 2, 1947 constituted a conversion thereof by the defendant, which rendered the stipulation concerning the limitation of liability on the part of the defendant to ten cents a pound inapplicable. In support of her position the following cases are cited: *Largy v. Morrison,* 88 *N. H.* 270, 188 *A.* 6; *Glinsky v. Dunham & Reid,* 230 *App. Div.* 470, 245 *N. Y. S.* 359; *Griggs v. Meek,* 37 *Wyo.* 282, 261 *P.* 126, 264 *P.* 91; *Fessler v. Detroit Taxicab & T. Co.,* 171 *N. W.* 360. Necessity does not require at this time an analysis of these decisions, for the reason that they involve shipments that are intrastate in character as opposed to interstate, or, if

not in commerce, then merely statutes indicating the law of the particular jurisdiction, or local decisions under which the law of the particular jurisdiction is announced.

The case before me does not involve any of the circumstances as hereinbefore set forth in other cases regarding stipulations concerning a restriction of liability; rather, the present case concerns an alleged refusal of delivery by the defendant's agent upon a proper demand by the plaintiff without an allegation that the trunk and contents were withheld by the defendant for its use and gain.

■■ Conversion in the broad sense consists of an act of willful interference with any chattel without lawful justification, whereby any person entitled thereto is deprived of the possession of it. *Salmond Torts, 8th Ed.*, 314. However, under the decisional law the word "conversion", when used in the light of wrongful conduct on the part of an interstate carrier, has been given a restricted meaning embracing only instances where there has been an outright appropriation of the property by the carrier for the carrier's own use and gain. *Ry. Exp. Agency v. Marchant Calculating Machine Co., supra; Georgia F. & A. R. Co. v. Blish Milling Co., supra; Norfolk & Western Ry. Co. v. Nottingham & Wren, supra; Jester v. Lancaster, Tex. Civ. App.*, 266 S. W. 1103; *Sands v. Am. Ry. Exp. Co.*, 159 *Minn.* 25, 198 N. W. 402; *Dexter & Carpenter v. Davis, supra; Henderson v. Wells Fargo & Co., supra.*

■ The pertinent allegations of the complaint are that the defendant's agent wrongfully refused to deliver the trunk and contents on October 2nd upon proper demand by the plaintiff, thus rendering the stipulation concerning the declared valuation inapplicable. From the foregoing it is apparent that the defendant is not charged directly with having appropriated the trunk and contents to its use and gain; rather, the plaintiff has attempted by her allegations to construct a conversion by reason of the alleged wrongful acts of the defendant's agent in refusing delivery. Such a construction cannot be had under the sub-

stantive law; to so construe would be but to antagonize the plain policy of the act and open the door to the very abuses at which the statute was aimed.

The wrongful conduct as alleged on the part of the defendant's agent in this case falls within the same classification as indicated in cases involving failure to deliver, including misdelivery and nondelivery, negligence, embezzlement by agent, and such other courses of conduct which under the Carmack amendment do not render inapplicable the stipulation relating to the restriction of liability. As was said in the case of *Georgia F. & A. R. Co. v. Blish Milling Co., supra* [241 *U. S.* 190, 36 *S. Ct.* 544], "the words of the statute are comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation, which, as defined in the Federal act, includes delivery."

The law of the United States cannot be evaded in such a fashion as here attempted. The effect of a valid stipulation restricting liability to the declared valuation cannot be escaped by the mere form of action. The present action, while in trover, when viewed beyond its technical denomination, is nothing more in scope and effect than an action in damages against the defendant.

It is alleged that on October 14, 1947, when delivery was attempted by the defendant's agent of the shipment of goods, the trunk and contents were found to be missing. They had been lost at the defendant's Freight Office in Dover between October 2nd and October 14th. When the circumstances as alleged in the complaint are weighed in the light of the substantive law, the measure of the plaintiff's recovery must be in accordance with the stipulation relating to the declared valuation as the same relates to the weight of the trunk and its contents. The defendant under its motion for summary judgment concedes liability to the plaintiff to this extent.

Since the date on which the motion for summary judgment was argued, the plaintiff has orally stipulated that I enter judg-

ment in accordance with the defendant's motion, provided I find the substantive law to be that the limit of the defendant's liability in the present case cannot exceed in amount that as prescribed under the declared valuation clause as the same appears in the contract between the parties.

Judgment will be entered in favor of the plaintiff in the amount of fifty-five dollars.