BARBER *et al. v.* WINTER.

No. 17725. SUBMITTED JANUARY 17, 1952—DECIDED FEBRUARY 13, 1952.

*Gray Skelton, Harry F. Walters,* for plaintiffs.
*W. H. Armistead,* for defendant.

ALMAND, Justice. We are here called upon to review an order sustaining a general demurrer to a petition seeking damages and injunctive relief. The petition discloses that the plaintiffs and the defendant were owners of certain lots which were a part of Majestic Acres Subdivision in DeKalb County; and that, when their common predecessor in title, Lawsam Investment Company, subdivided the lots in question, they were sold according to a recorded plat and a recorded covenant, which restricted the lots of both parties to be used exclusively for residential purposes, and that "No building shall be erected on any tract or lot the

price of which (excluding architect's fees or builder's commissions) is less than $3500 and which contains less than 1000 square feet of floor space." It was alleged: The defendant bought his lot with actual and constructive notice of these restrictions, and after obtaining a building permit from the county building inspector to build a "dwelling" on his lot, he has begun the construction of a three-room dwelling composed of one large so-called garage room and one-half bath, together with two smaller rooms, all of which are designed, and according to his admissions, are to be used, as temporary living quarters, and that such contemplated building contains less than 1000 square feet of floor space. The defendant has admitted to the plaintiffs that it is his intention when the building is completed to use it as a residence until such time as he can build a permanent residence. The plaintiffs alleged that they had been damaged in the sum of $1000, and prayed that the defendant be restrained from using or occupying the building as a residence. The grounds of general demurrer were: that the petition did not set forth a cause of action, in that it did not show that the defendant had violated any building restriction; that the restrictions did not prohibit the erection of a garage; and that the restrictions were too vague and indefinite to be enforced.

The plaintiffs concede that the restrictive covenants do not prevent the defendant from erecting on his lot a building containing less than 1000 square feet of floor space, where the same is to be used for garage purposes. Their contention is that the word "building" as used in paragraph 4 of the restrictive covenant (which has been quoted), as to minimum price of floor space, means "residence," and prevents the defendant from erecting a building on his lot having less than 1000 square feet of floor space, where it is his intent and purpose to use the building for residential purposes. The defendant contends that the restrictive covenants do not prevent him from erecting a garage building on the lot and thereafter using the building temporarily for residential purposes.

In interpreting the meaning of restrictive covenants, our first duty is to ascertain the intention of the parties from a consideration of the entire covenant, and not from a single clause; where the meaning of a clause or word is doubtful, then

to take into consideration the surrounding circumstances, as the parties are presumed to have considered them when the covenant was entered into. *Randall* v. *Atlanta Advertising Service*, 159 *Ga.* 217 (125 S. E. 462). In the *Randall* case this court had occasion, in construing a restrictive covenant, to determine the meaning of the word "building," and whether or not the word as therein used had reference to a building used for residential purposes, or for business purposes. The court quoted with approval the definition of the word "building" in Berry on Restrictions on Use of Real Property, as being "A structure in the nature of a house built where it is to stand; as commonly understood, a house for business, residence, or public use, or for shelter of animals or storage of goods, and very generally, but not always, the idea of a habitation for the permanent use of man, or an erection connected with his permanent use, is implied in the word 'building.' 1 Words & Phrases 889." Pp. 220, 221. From a reading of the entire covenant, it appears that it was the purpose of the original owner of these lots to restrict their use to residential purposes. Among the restrictions were the following: No residence could be erected unless it conformed to a building line as designated on the plat; no building could be erected within ten feet of any other lot; no temporary structures of any kind or character could be erected; and no lot should be subdivided into a lot of less than 100 feet front.

We are of the opinion that the restriction, which forbids the erection of any building containing less than 1000 square feet of floor space, means that any building constructed on the premises for the purpose of being used as a residence or dwelling house must contain the minimum of 1000 square feet of floor space. Though this restriction does not prohibit the building of any permanent outhouse such as a garage containing less than the minimum floor space or area, it does forbid the owner of any lot from building any structure thereon containing less than 1000 square feet of floor space where it is the intent and purpose of the owner to use the structure for residential purposes. If this were not the correct construction of the intent of the parties, a covenantee could easily evade the restriction as to floor space by erecting a building on his lot containing less than the minimum requirement, and by designating the building as a garage,

use the same as a place of residence. It appears from the facts pleaded in the petition that the defendant obtained a permit from the public authorities to erect a *dwelling* on his lot, and that the building consisted of "one large so-called garage room, one-half bath, together with two smaller rooms, all of which are designed, and according to his admissions, are to be used as temporary living quarters," and that the building contains less than 1000 square feet of floor space. These allegations, on general demurrer, are taken to be true, and in their light the defendant cannot escape the binding effect of the restrictive covenant by the erection of the building as a garage so-called for use in storing automobiles, but according to its design and under his own admissions it is to be used for occupancy as a home or place of residence. See, in this connection, Firth *v.* Marovich, 160 Cal. 257 (116 Pac. 729, Ann. Cas. 1912D 1190); Hartman *v.* Wolverton, 126 Kan. 613 (270 Pac. 584, 60 A. L. R. 252); Welsh *v.* Flo, 146 Kan. 807 (73 Pac. 2d, 1084); White *v.* Hansen (Tex. Civ. App.) 36 S. W. 2d, 456.

The petition stated a cause of action for legal and equitable relief, and it was error for the court to sustain the general demurrer and dismiss the action.

*Judgment reversed. All the Justices concur.*