99 A.2d 242 (1953)
NASH et ux.
v.
CONNELL et al.
Court of Chancery of Delaware, New Castle.
August 18, 1953.
Howard M. Berg (of Melson & O'Hora), Wilmington, for plaintiffs.
Leonard G. Hagner, Wilmington, for defendants.
BRAMHALL, Vice Chancellor.
Plaintiffs have moved under Rule 56(c) for judgment against defendants, alleging that defendants have failed to state a legal defense to plaintiffs' complaint and that there is no triable issue set up by the pleading as to any material fact.
The complaint of plaintiffs alleges that the plaintiffs are the legal owners of three *243 lots in a subdivision of land at Bear, New Castle County, upon which they have erected a house and in which they are presently residing; that defendant James R. Beckett resides at and is the legal or equitable owner of a lot near the lots of plaintiff; that the defendants Robert J. Connell and Marguerite G. Connell, his wife, are the legal owners of the lot in which Beckett resides by virtue of a deed duly recorded; that defendants George A. Johnson and Evelyn R. Johnson, his wife, are residents and owners of a lot in said subdivision; that the plaintiffs and defendants are bound by common restrictive covenants, restrictions and limitations found in their respective deeds, and of which they otherwise have knowledge, as follows:
"Subject Nevertheless to the restrictions and limitations that no dwelling house costing less than thirty-five hundred dollars shall be erected upon said premises or any portion thereof; that said dwelling inclusive of porches, steps, cellar doors, bay or oriel windows, cornices and other projections appurtenants thereto, when built on Wrangle Road, otherwise known as the road leading from Jesters Corner to DuPont Boulevard, shall be set back at least forty feet from Wrangle Road and when built on any other street as marked out on said plot shall be set back at least twenty-five feet from any street line; that all outbuildings shall be erected in the rear of said lot or lots; that said lands shall not be used for any purpose which creates a nuisance or which is offensive, dangerous or noxious to the immediate neighborhood; that no garage, oil station, stable or shop shall be built nearer than seventy-five feet from the street or road upon which the said lot faces and no advertising signboards shall be erected on any of the lots shown on said plot; that the said lots are not to be sold, leased, or conveyed to anyone not of the Caucasian Race; and that these covenants shall be taken to be real covenants running with the land and binding upon the heirs, executors and administrators of the parties of the second part.";
that defendants have erected a structure on their lots, which structure is now being used for living quarters as a dwelling house, in violation of that portion of the restrictive covenants which reads as follows:
"* * * that no dwelling house costing less than thirty-five hundred dollars shall be erected upon said premises or any portion thereof; * * *".
In the answer of defendants, defendants Robert J. Connell and Marguerite G. Connell, his wife, admit the ownership of a lot: they deny that they are erecting a structure thereon. Defendants George A. Johnson and Evelyn R. Johnson, his wife, admit that they have erected on their lot a structure which is being used for living quarters. They deny however, that said structure violates the restrictive covenant above referred to for the reason that it is a part only of the complete construction which these defendants intend within a reasonable time to erect upon their lot in conformity with all restrictive covenants which may be legally applicable.
Summary judgment will not be granted if the pleadings, affidavits, and other proof raise a genuine issue as to any facts material to the dispute between the parties. United States v. Charles, D.C., 1 F.R.D. 121. The party moving for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact and any doubt as to the existence of such an issue will be resolved against him. Wittlin v. Giacalone, 81 U.S. App.D.C. 20, 154 F.2d 20. If the pleadings and other proofs, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment, summary judgment will be rendered. Van Dyke v. Pennsylvania R. Co., Del.Super., 86 A.2d 346. Generally, restrictive covenants will be construed most strongly against the grantor and any doubt as to their meaning will be resolved in *244 favor of the grantee. Daniels Gardens, Inc., v. Hilyard, 29 Del.Ch. 336, 49 A.2d 721.
As to the defendants Connell, they have denied that they have erected a structure on their lot, as alleged in plaintiffs' complaint. Obviously as to these defendants there is an issue of fact material to the issue and as to them the motion for summary judgment will be dismissed.
As to the defendants Johnson, they admit that they have erected a structure on their lots which is being used for living quarters. They contend that this does not violate the restrictive covenant for the reason that said structure is a part only of the complete construction which they intend within a reasonable time to erect upon their lot in conformity with the restrictive covenant. These defendants do not deny,  in fact, by inference, they admit,  that the structure which they have erected and which they are now occupying is being used for a residence and was erected at a cost of less than $3,500, the cost required by the restrictive covenant. This does not raise a factual dispute as to any material fact or assert a defense sufficient to prevent plaintiff from obtaining judgment. It is not a sufficient defense for a lot owner to say that he intends to build at some indefinite time in the future a residence which will comply with the restrictive covenant, either by erecting a new building or by adding to the one already constructed. Hartman v. Wolverton, 126 Kan. 613, 270 P. 584, 60 A.L.R. 252; Russell Realty Co. v. Hall, Tex.Civ.App.1921, 233 S.W. 996, White v. Hansen, Tex.Civ.App.1931, 36 S.W.2d 456. Assuming that these defendants intend to build, as I must, they do not state when or how or what plans they have made for building or when they intend to begin. The structure erected by these defendants is a residence as long as it stands alone on the lot and is occupied. To permit them to construct a structure in violation of the restrictive covenant and to continue to live in said structure for an indefinite period of time, merely because they assert an intention at some indefinite time in the future to add to that structure or to erect another structure in compliance with the restrictive covenant, would simply nullify its effect. See White v. Hansen, supra.
I conclude that there is no substantial issue as to any material fact asserted by defendants Johnson and that they have asserted no legal defense to plaintiffs' complaint. As to these defendants, the motion for summary judgment will be allowed.
As to the defendant Beckett, he has not as yet been served with process in this case. No order can therefore be made at this time affecting his rights.
An order will be entered, on notice, in accordance with this opinion.