Samuel SIPLE, Plaintiff Below, Appellant,

v.

Janet CORBETT, Ronald Waters, and S & K Plumbing and Heating, Inc., Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted May 10, 1982.

Decided June 28, 1982.

Raymond J. Otlowski (argued), Newark, for plaintiff below, appellant.

Carl Schnee (argued) of Prickett, Jones, Elliott Kristol & Schnee, and James S. Green of Connolly, Bove & Lodge, Wilmington, for defendants below, appellees.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

**PER CURIAM:**

This is an appeal from a decision of the Court of Chancery, awarding summary judgment to defendants.

Plaintiff was the sole owner of defendant S & K Plumbing and Heating, Inc. He hired defendant Corbett on January 1, 1972 as a secretary. Defendant Corbett's responsibilities multiplied, so that after eight years, she performed the functions of office manager, controller, and administrative assistant. Eventually defendant Corbett asked plaintiff to transfer part ownership of the corporation to her as compensation for her contributions to the corporation over the years. When he didn't, defendant Corbett quit in January of 1980.

After extensive negotiations between defendant Corbett and himself, plaintiff executed three employment contracts on October 1, 1980 between himself and the corporation, defendant Corbett and the corporation, and defendant Waters and the corporation. Plaintiff was to be the president of the corporation, defendant Corbett was to be controller, and defendant Waters was to be office manager. Pursuant to the contract provisions, on November 5, 1980, plaintiff transferred 49% interest in the corporation to defendant Corbett, and 2% interest to defendant Waters. He retained 49% of the shares for himself. On January 21, 1981, plaintiff received notice that his business duties with the corporation were being suspended.

On January 30, 1981, plaintiff instituted an action in the Court of Chancery to set aside the transfers of stock on the grounds that defendants procured the stock transfer through fraud and undue influence. The Court of Chancery awarded summary judgment to defendants based upon its finding that plaintiff raised no genuine issues of material fact in his pleadings. The Court ruled further that to the extent the complaint alleged a breach of a contract for employment and compensation in exchange for romantic involvement, including sexual favors, the Court would not provide relief. Plaintiff then lodged this appeal.

Plaintiff maintains that the Court of Chancery erred in granting defendants' Motion for Summary Judgment because there were genuine issues of material fact raised relating to fraud and undue influence.

■ This Court stands unpersuaded. Contrary to the requirement in Court of Chancery Rule 9(b), plaintiff did not state "the circumstances constituting fraud ... with particularity." *Id.* Instead, plaintiff merely alleged that defendants Corbett and Waters became romantically linked and secretly agreed to steal plaintiff's corporation from him through fraud. To support this allegation, plaintiff offered evidence that the defendants often ate lunch together, that they sometimes worked late together, that defendant Corbett appeared to wait on defendant Waters at the office, and that some unknown person saw the defendants in close physical contact while they were locking the gate to the corporation's premises one night. Without more, however, plaintiff's allegations are insufficient to raise genuine issues of material fact and, hence, the Court's award of summary judgment to defendants was proper. *Nash v. Connell*, Del.Ch., 99 A.2d 242 (1953).

As to plaintiff's assertion that he parted with control of his corporation because of undue influence by defendant Corbett, plaintiff has shown none of the elements necessary to support an action based on undue influence. More specifically, plaintiff neither averred nor proved that a) he was susceptible to influence; b) an opportunity to exert influence existed; c) defendant Corbett was disposed to do so for an improper purpose; d) the actual exertion of such influence; and e) a result evidencing its effect. *Conner v. Brown*, Del.Supr., 3 A.2d 64 (1938). Moreover, plaintiff failed to aver and prove that the influential force was operative in his mind when he executed the employment contracts and transferred the stock. *In re Estate of Bandurski*, Del. Ch., 281 A.2d 621 (1971). Instead, plaintiff merely alleged that he was romantically involved with defendant Corbett and that she parlayed their relationship into a coercive force sufficient to overbear his free will and force him to relinquish control of his corporation. The pleadings and affidavits suggest, however, that the fire of romance between the two had burned out before plaintiff executed the contracts and transferred the stock. It is undisputed that plaintiff negotiated the terms of the contracts over an extended period of time with the independent advice of the corporation's counsel, and that plaintiff voluntarily transferred the stock to defendants one month after he executed the contracts. Thus, plaintiff has not raised genuine issues of material fact relating to his charge of undue influence and this was another basis upon which the Court of Chancery properly rested its award of summary judgment for defendants.

■ To the extent that plaintiff's complaint could be construed as an action for breach of a contract for employment and compensation in exchange for renewed romantic involvement including sexual favors, the Court of Chancery properly denied relief. Contracts founded upon consideration for romantic involvement including sexual favors are void as against public policy and unenforceable by the courts. *Restatement of Contracts* § 589 (1932).

Accordingly, the award of summary judgment to defendants by the Court of Chancery is hereby

\* \* \*

AFFIRMED.