## SOUTHEASTERN EXPRESS CO. *v.* PASTIME AMUSEMENT CO.

No. 46. Submitted October 22, 1936.—Decided November 9, 1936.

*Mr. Harry L. Greene,* with whom *Messrs. Rembert Marshall* and *Nath B. Barnwell* were on the brief, submitted for petitioner.

No appearance for respondent.

PER CURIAM.

Respondent sued to recover damages for failure to deliver a moving picture film in time to be exhibited as advertised. The jury rendered a verdict for $1500 and the judgment thereon was affirmed by the Supreme Court of South Carolina. 181 S. C. 203. The court overruled petitioner's contention based on the federal act known as the Carmack Amendment. 49 U. S. C. 20 (11). It appeared that the shipment was interstate, from Jacksonville, Florida, to Charleston, South Carolina. The applicable tariff filed by the carrier provided:

"In consideration of the rate charged for carrying said property, which is dependent upon the value thereof and is based upon an agreed valuation of not exceeding fifty dollars for any shipment of 100 pounds or less, and not exceeding fifty cents per pound, actual weight, for any shipment in excess of 100 pounds, unless a greater value is declared at the time of shipment, the shipper agrees

that the company shall not be liable in any event for more than fifty dollars for any shipment of 100 pounds or less, or for more than fifty cents per pound, actual weight, for any shipment weighing more than 100 pounds unless a greater value is stated herein. Unless a greater value is declared and stated herein the shipper agrees that the value of the shipment is as last above set out and that the liability of the company shall in no event exceed such value."

There was evidence that the value declared was fifty dollars and that the rate was fixed accordingly. The trial court ruled that as the suit was for damages for the interruption of plaintiff's business caused by the delay alleged to be due to negligence, the limitation of liability did not apply. The Supreme Court of the State sustained that view.

We hold that this was error. The federal statute controls. *Adams Express Co.* v. *Croninger,* 226 U. S. 491, 505, 506; *Kansas City Southern Ry. Co.* v. *Carl,* 227 U. S. 639, 650–652; *Georgia, Florida & Alabama Ry. Co.* v. *Blish Co.,* 241 U. S. 190, 196, 197. The words of the statute "are comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." The statute thus applies to damages caused by delay in making delivery. *New York, P. & N. R. Co.* v. *Peninsula Exchange,* 240 U. S. 34, 38; *Georgia, F. & A. Ry. Co.* v. *Blish Co., supra.* The underlying principle is that the carrier is entitled to base rates upon value and that its compensation should bear a reasonable relation to the risk and responsibility assumed. *Kansas City Southern Ry. Co.* v. *Carl, supra.* The broad purpose of the federal act is to compel the establishment of reasonable rates and to provide for their uniform application. Special contracts are not permitted to give any advantage to a particular shipper. *Chicago & Alton R.*

*Co.* v. *Kirby,* 225 U. S. 155, 166. The liability in this instance is thus governed by the provisions of the applicable tariff and no recovery could be had in excess of the amount permitted by its terms. *New York, P. & N. R. Co.* v. *Peninsula Exchange, supra,* pp. 41, 42; *Southern Express Co.* v. *Byers,* 240 U. S. 612, 614; *Southern Ry. Co.* v. *Prescott,* 240 U. S. 632, 638; *American Railway Express Co.* v. *Daniel,* 269 U. S. 40, 42.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.