Robert **SCHIFF**

v.

**EMERY AIR FREIGHT CORPORATION.**

**Civ. A. No. 69–1187.**

United States District Court,
D. Massachusetts.

Nov. 4, 1971.

**1058**

Philip D. Epstein, Epstein, Goldstein & Feldman, Boston, Mass., for plaintiff.

William T. Conlan, Ely, Bartlett, Brown & Proctor, Boston, Mass., for defendant.

## OPINION

FRANCIS J. W. FORD, District Judge.

Plaintiff in July, 1969, was preparing to leave the University of California at Davis, California, where he had recently completed his work for a doctorate in genetics, to assume a position as a member of the faculty of the Tufts University School of Medicine in Boston. He had certain test tubes of frozen chemicals, mouse blood and enzymes which had been used in research work in which he had been engaged in California, and which he wished to ship to Boston for use in further research.

Defendant is a common carrier engaged in interstate transportation of freight by air. Plaintiff telephoned defendant's Sacramento office to inquire about shipping the materials to Boston. He was told that defendant did not furnish refrigerator service, but that the parcel could be delivered to Boston in twenty-four (24) hours, and he was given instructions as to the proper method of packing the materials. In accordance with these instructions, the tubes were packed in a carton with dry ice sufficient to keep them cool for seventy-two (72) hours. The package was marked with the legends "Fragile", "Glass" and "Store Frozen".

The package, which weighed ten (10) pounds, was delivered to an employee of defendant at plaintiff's office in Davis at about 11:30 a. m. on July 9, 1969. An airbill on defendant's standard printed form was made out by defendant's truck driver at that time. The shipment was described as "Frozen Chemicals". The space for Declared Value had a notation "NVD", which stood for "no value declared". Plaintiff in fact made no declaration as to value and says he was not asked if he wished to do so.

He says he was not given a copy of the airbill.

The parcel was taken to San Francisco. There was a delay here in putting it on a plane for Boston because the description "Frozen Chemicals" was too indefinite to satisfy defendant's tariff requirements, and a telephone call was made the next morning to plaintiff's office to obtain a more precise description. The parcel was shipped from San Francisco later on July tenth and was delivered to the Tufts Medical School in Boston at 1:40 p. m. on July 11, 1969, approximately forth-seven (47) hours after plaintiff had delivered it to defendant.

On July ninth, plaintiff had notified a secretary at Tufts that the package, with the markings described, had been shipped and was due to arrive in twenty-four (24) hours and asked that it be placed under refrigeration on arrival. At some time while the package was in defendant's possession, a shipping label of defendant had been pasted on it so as to cover up the "Store Frozen" and other legends placed on it by plaintiff. When it arrived at Tufts with these legends covered over, it was not recognized as the package to be refrigerated and was stored with other packages addressed to plaintiff in the office he was to occupy at Tufts. When he arrived there on or about August 5, 1969, he examined the package and found that the materials had deteriorated so as to be of no further value for research purposes.

■ The question of liability is not a difficult one. Clearly, defendant was negligent in affixing a label so as to hide the markings plaintiff had placed on the package, and it was this act which prevented proper identification and storage of the package on its arrival at Tufts and thus caused the destruction of plaintiff's materials.

The real issue is as to the amount which plaintiff may recover. Plaintiff claims damages in the amount of thirty thousand dollars ($30,000.00). Defend-

ant claims that recovery in accordance with applicable tariffs is to be limited to fifty dollars ($50.00).

The airbill on which this package was shipped provided a box in which declared value could be written. This box contained the legend: "It is agreed and understood that the liability of Emery Air Freight is limited to the declared value shown above or as defined in its governing tariffs, whichever value is higher." Defendant's applicable tariff on file with the Civil Aeronautics Board on July 9, 1969, contained the following provision in Rule 95(1) (A):

"Except as otherwise provided in this rule, a shipment shall have a declared value of $0.50 per pound (but not less than $50.00) unless a higher value is declared on the Airbill at the time of receipt of the shipment from the shipper, and if a higher value is so declared, an additional transportation charge of $0.10 shall be required for each $100.00 (or fraction thereof) by which such higher value exceeds $0.50 per pound or $50.00, whichever is higher."

■ These provisions become part of the contract between the shipper and the carrier. Moreover, they are part of the legal rate structure binding upon the parties. Plaintiff, having failed to declare at the time of shipment the valuation he now claims and not having paid the higher rate which such valuation would entitle the carrier to receive, cannot now seek to impose a greater liability on the carrier; and the shipper is deemed to have knowledge of the tariffs on file, whether or not he had actual knowledge of them. Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 57 S.Ct. 73, 81 L.Ed. 20; Boston & Maine Railroad v. Hooker, 233 U.S. 97, 110, 111, 34 S.Ct. 526, 58 L. Ed. 868; Tishman & Lipp, Inc. v. Delta Airlines, D.C., 275 F.Supp. 471; Milhizer v. Riddle Airlines, Inc., D.C., 185 F.Supp. 110. Under the terms of the contract and the applicable tariff provisions, plaintiff's recovery is limited to the minimum amount of fifty dollars ($50.00).

Plaintiff seeks to avoid the effect of the contract by claiming that defendant, in stating that the package would be delivered within twenty-four (24) hours and would be handled as a frozen and fragile package, was guilty of making a false and fraudulent representation. Plaintiff has failed to prove any fraud in such representations, since he offered no evidence to show that whoever made them knew or believed that they were untrue at the time they were made. Moreover, plaintiff has failed to show that the failure to make delivery within twenty-four (24) hours was in any way the cause of his loss. The package when shipped was packed with enough dry ice to protect it for seventy-two (72) hours. There is nothing to indicate that when it was actually delivered at Tufts the contents were not still in good condition and would not have remained so if promptly refrigerated. Failure to do this was due to the negligent covering of plaintiff's markings on the package and not to any delay in making delivery.

■ Plaintiff further relies on cases such as Philco Corporation v. Flying Tiger Line, Inc., 18 Mich.App. 206, 171 N.W.2d 16, which hold that where the carrier has committed a substantial material deviation from the terms of the contract of shipment, the shipper may treat the contract as rescinded and recover for his full loss without regard to recovery limitations included in the contract. He contends that the placing of a label over his markings on the package was such a deviation. This was, indeed, a negligent act which resulted in harm to plaintiff, but there was no evidence that it was a deliberate intentional act. Mere negligent handling of the shipment is not such a deviation from contract terms as to justify rescission. Petition of Isbrandtsen Company, Inc., 2 Cir., 201 F.2d 281; Chester Valley, 5 Cir., 110 F.2d 592.

Judgment will be entered for plaintiff in accordance herewith in the amount of fifty dollars ($50.00).