LEMMON, Judge.
Plaintiff, a manufacturer of children’s clothing, sued defendant, an air carrier, for damages allegedly sustained when plaintiff’s shipment was not received by the consignee in New York. Plaintiff’s employee had delivered the packages to defendant’s agent and specified on the form receipt that the “declared value” was $50.-00.
The trial court’s judgment on the merits effectively sustained defendant’s contention that its liability was limited to the $50.00 declared value of the shipment and a refund of the shipping charge. Plaintiff has filed this appeal, seeking damages in excess of these amounts.
Defendant contends its liability was limited by the provisions of the Official Air Express Tariff filed with the Civil Aeronautics Board. The particular tariff, filed pursuant to 49 U.S.C. § 1373, contained general and specific commodity rates and charges, as well as rules and regulations applying on property transported between specified points. Rule 8 of the Tariff provided for a declared value of $50.00 for shipments weighing less than 100 pounds (and 50 cents per pound for shipments of greater weight), but also specified additional transportation charges when the value declared by the shipper exceeded $50.00. Rule 28, entitled Terms and Conditions of Transportation, further provided that the carrier shall not be liable for more than $50.00 for any shipment of less than 100 pounds unless a greater value had been declared by the shipper.[1]
*648 Plaintiff concedes that the tariff limits the liability of the carrier as to damages for the replacement value of the lost packages, but contends the tariff does not limit the liability of the carrier for consequential damages sustained because of the shipper’s failure to deliver the packages.
The Supreme Court of the United States considered this argument in Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 57 S.Ct. 73, 81 L.Ed. 20 (1936), which involved a similarly worded tariff.[2] That suit sought damages for the interruption of business caused by a delay in shipping allegedly due to the carrier’s negligence. The court concluded the wording was comprehensive enough to embrace all damages resulting from a carrier’s failure to discharge its duty with respect to any part of the transportation, and held the limitation was thus applicable to damages caused by delay in making delivery. The court further stated:
“The underlying principle is that the carrier is entitled to base rates upon value and that its compensation should bear a reasonable relation to the risk and responsibility assumed. The broad purpose of the federal act is to compel the establishment of reasonable rates and to provide for their uniform application. Special contracts are not permitted to give any advantage to a particular shipper.
“The liability in this instance is thus governed by the provisions of the applicable tariff and no recovery could be had in excess of the amount permitted by its terms.” (Citations omitted)
While the Southeastern Express case involved a tariff filed by another type of carrier under a different federal statute, the reasoning applies with equal force to a tariff filed by an air carrier pursuant to 49 U.S.C. § 1373. Thus, in interstate air transportation where federal law controls, a carrier’s total liability may be limited by a tariff filed by the carrier and approved by the Civil Aeronautics Board, even if such a limitation is against public policy in the forum state.
There is an additional basis for denial of the claim in this particular case. The shipment consisted of finished garments which were prepared as samples of plaintiff’s fall line of merchandise and were sent to a national retailer in anticipation of a large manufacturing order. Since the retailer was one of plaintiff’s principal customers, plaintiff’s designers, cutting hands and other employees had expended considerable time and effort in preparing the samples. When the shipment did not arrive in New York as scheduled, it was too late for plaintiff to prepare new samples before the deadline. Thus, the costs incurred by plaintiff during the two months of preparation were lost entirely, because the shipment was lost. These costs constitute virtually all of plaintiff’s claim.[3]
Damages due to the loss of these expended costs cannot reasonably be classified as consequential damages. These costs had already accrued prior to the shipment of the packages, and it was because these expenses had been incurred that the item of clothing had value as merchandising samples rather than bare retail value as items of clothing. In this respect the full intrinsic value of the items could have been declared at the time of shipment and their loss thus insured against, just as an architect might declare the intrinsic value *649 of a one-of-a-kind set of plans and specifications in which many hours had been invested. Plaintiff chose instead to declare the lower retail value and obtained a lower shipping rate. We conclude that plaintiff’s failure to declare a higher value and pay the higher rate precludes an award of damages in excess of the declared value.[4]
The judgment is affirmed.

AFFIRMED.

. Buie 28(A)(2) reads as follows:
“In consideration of the rate charged for carrying said property, which is dependent upon the value thereof and is based upon an agreed valuation of not exceeding fifty dollars for any shipment of 100 pounds or less, and not exceeding fifty cents per pound, actual weight, for any shipment in excess of 100 pounds, unless a greater value is declared at the time of shipment, the shipper agrees that the carrier shall not be liable in any event for more than fifty dollars for any shipment of 100 pounds or less, or for more than fifty cents per pound, actual weight, for any shipment weighing more than 100 pounds, unless a greater value is stated herein. Unless a *648 greater value is declared and stated herein the shipper agrees that the value of the shipment is as last above set out and that the liability of the carrier shall in no event exceed such value.”

. Other tariffs, such as the one filed by the air carrier in Blair v. Delta Air Lines, 344 F.Supp. 360 (S.D.Fla.1972), aff’d., 5 Cir., 477 F.2d 504, contain specific provisions excluding liability for consequential or special damages.

. The claim for loss of profits was abandoned in the trial court.

. This record does not support plaintiff’s argument that it was not afforded a fair opportunity to choose between higher and lower liability by paying a correspondingly greater or lesser charge, as occurred in New York, N. H. & Hartford R. Co. v. Nothnagle, 346 U.S. 128, 73 S.Ct. 986, 97 L.Ed. 1500 (1953).