Alan MOFFITT and Leslie Moffitt, Individually and as Next Friend for Scott Moffitt and Douglas Moffitt, Plaintiffs,

v.

BEKINS MOVING AND STORAGE and Pat Hill, Defendants.

Civ. A. No. 7–92–019–K.

United States District Court, N.D. Texas, Wichita Falls Division.

March 24, 1993.

---

Dean Andrew Sanders, Law Offices of Dean Sanders, Wichita Falls, TX, for plaintiffs.

Jerry Selinger, Steven P. Malin, Vinson & Elkins, Dallas, TX, for defendant Bekins Van Lines.

### MEMORANDUM OPINION AND ORDER

BELEW, District Judge.

Before the Court is Defendants' Motion for Summary Judgment filed September 22, 1992. After due consideration, the Court is of the opinion that said motion should be GRANTED.

### I. BACKGROUND

Plaintiffs allege that in December 1990 they contracted with Defendant BEKINS to move their goods from Wichita Falls, Texas to Breckenridge, Colorado. *See* Plaintiff's First Amended Petition at 2. The shipping documents generated by and governing this move are the Interstate Order for Service and Bill of Lading. *See* Declaration of Michael Rogers at par. 2 and 3 and Exhibits A and B. The Court finds that these contracts are taken from and conform (or substantially

conform) with the BEKINS Tariff Number on file during December 1990 with the Interstate Commerce Commission. *See* Rogers Declaration at par. 4.

In their First Amended Petition, Plaintiffs aver state law causes of action for "tort of outrage", intentional infliction of emotional distress, breach of contract, breach of implied warranty, violation of DTPA, slander, misrepresentation, fraud, negligence and gross negligence, "violation of their statutory duties as a common carrier under state law," and attorneys fees, based upon alleged failures by BEKINS to comply with the terms of the shipping documents and in BEKINS handling of Plaintiff's shipment and claim. The Court finds that each of these causes of action is necessarily based on the contractual relationship contained in the Interstate Order of Service and Bill of Lading.

### II. SUMMARY JUDGMENT STANDARDS

Summary judgment is proper when the record establishes that no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Hill v. London, Stetelman, & Kirkwood, Inc.*, 906 F.2d 204, 207 (5th Cir.1990). The evidence in the record is to be viewed in the light most favorable to the nonmoving party. *Newell v. Oxford Management Inc.*, 912 F.2d 793, 795, *reh'g denied*, 918 F.2d 484; *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir.1990).

In order to prevail on a motion for summary judgment, the moving party has the initial burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir.1988); *Thibodeaux v. Torch, Inc.*, 858 F.2d 1048, 1050 (5th Cir. 1988); Fed.R.Civ.P. Rule 56(c). The party moving for summary judgment need not produce evidence showing the absence of a genuine issue of material fact with respect to an

issue on which the nonmoving party bears the burden of proof. *Celotex Corp. v. Catrett, supra,* 477 U.S. at 325, 106 S.Ct. at 2554. Rather, the party moving for summary judgment need only show that the party who bears the burden of proof has adduced no evidence to support an element essential to his case. *Celotex v. Catrett, supra; Teply v. Mobil Oil Corp.,* 859 F.2d 375, 379 (5th Cir.1988). If the movant bears the burden of proof on a claim or defense, he must establish all elements of the claim or defense to prevail on summary judgment. *Western Fire Insurance Co. v. Copeland,* 651 F.Supp. 1051, 1053 (S.D.Miss.), *aff'd,* 824 F.2d 970 (5th Cir.1987).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514. In order to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. Rule 56(e) requires that the nonmoving party "set forth specific facts showing that there is a genuine issue for trial." *See Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514.

In making its determination on the motion, the Court must look at the full record including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *Williams,* 836 F.2d at 961; Fed. R.Civ.P. Rule 56(c). All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion and any doubt must be resolved in his favor. *Matsushita,* 475 U.S. at 586–90, 106 S.Ct. at 1356–57; *Meyers v. M/V Eugenio,* 842 F.2d 815, 816 (5th Cir.1988). However, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

## III. THE CARMACK AMENDMENT

At issue in this motion is whether Plaintiff's state law claims are preempted by federal law pursuant to the Carmack Amendment, 49 U.S.C. § 11707 *et seq.* The Carmack Amendment governs all regulated interstate shipment of goods, and has long been held to preempt state law causes of action arising from or related to that move.

■■■ The purpose of the Carmack Amendment is to regulate the fees charged and the liability of interstate carriers. *See Air Products & Chemicals v. Illinois Central Gulf RR,* 721 F.2d 483, 486 (5th Cir.1983) ("A purpose of the Carmack Amendment was to substitute a paramount and uniform national law as to the rights and liabilities of interstate carriers subject to the Amendment.") In *Air Products,* the Fifth Circuit incorporated the Supreme Court's language in *Adams Express Co. v. Croninger,* 226 U.S. 491, 505–06, 33 S.Ct. 148, 152, 57 L.Ed. 314 (1913) which stated:

"That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract.

"To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable, and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment. The duty to issue a bill of lading, and the liability thereby assumed, are covered in full; and though there is no reference to the effect upon state regulation, it is evident that Congress intended to adopt a uniform rule and relieve such contracts from the diverse regulation to which they had been theretofore subject."

The purpose of the Carmack Amendment, then, is to provide a comprehensive scheme whereby an interstate carrier's rates would be dependent upon the liability is assumed. The cases are unequivocal in this regard, and to allow a Texas state cause of action to impose a liability greater than that imposed by the Carmack Amendment would render said law meaningless.

For example, the broad preemption of state law remedies can be seen in the following cases: *Adams Express Co. v. Croninger,* 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1912); *Georgia, F. & A.R. Co. v. Blish Milling Co.,* 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916) ("the effect of preemption could not be escaped by the mere form of the action....we look beyond its technical denomination."); *Southeastern Express Co. v. Pastime Amusement Co.,* 299 U.S. 28, 57 S.Ct. 73, 81 L.Ed. 20 (1936) (In this case, plaintiff framed his Carmack Amendment claim as one of state law negligence and the United States Supreme Court concluded that "the liability in this instance is governed by the provisions of the applicable tariff and no recovery could be had in excess of the amount permitted by its terms."); *Intech, Inc. v. Consolidated Freightways, Inc.,* 836 F.2d 672, 677 (1st Cir.1987) (Held, state law claim for breach of contract and incidental damages preempted by Carmack Amendment); *Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1415 (7th Cir.1987) (Held, Carmack Amendment preempts "all state and common law remedies inconsistent with the Interstate Commerce Act"); *Hopper Furs, Inc. v. Emery Air Freight Corp.,* 749 F.2d 1261, 1264 (8th Cir.1984) ("All actions against a common carrier, whether designated as tort or contract actions, are governed by the federal statute and 'no recovery can be had in excess of the amount permitted by the terms' of the contract"); *Air Products & Chemicals, Inc. v. Illinois Central Gulf RR Co.,* 721 F.2d 483, 484–85 (5th Cir.1983) ("The Carmack Amendment, as judicially interpreted, provides an exclusive remedy for a breach of a contract of carriage provided by a bill of lading...."); *R.H. Fulton v. Chicago, Rock Island & Pacific RR Co.,* 481 F.2d 326 (8th Cir.1973); *Thomas v. Trans World Airlines, Inc.,* 457 F.2d 1053, 1058 (3d Cir.

1972); *W.D. Lawson & Co. v. Penn Central Co.,* 456 F.2d 419, 421 (6th Cir.1972); *George R. Hall, Inc. v. Superior Trucking Co.,* 514 F.Supp. 581 (N.D.Ga. 1981).

Since the summary judgment evidence shows that Plaintiffs and BEKINS entered into an Interstate Order for Service and Bill of Lading related to an interstate move, the rights and liabilities of the parties are determined by the Carmack Amendment, 49 U.S.C. § 11707. *See Hiram Walker & Sons, Inc. v. Kirk Line,* 877 F.2d 1508, 1511–12 (11th Cir.1989). Any duty owed to the plaintiffs by BEKINS arose solely out of these documents. Therefore, BEKINS is entitled to summary judgment on each of plaintiff's state law claims herein, including their claim for attorney's fees.

It is, therefore, ORDERED that Defendants' Motion for Summary Judgment is GRANTED in full, and the plaintiffs' state law claims are dismissed.

IT IS SO ORDERED.