655 A.2d 977

STEVEN HUGHES, PLAINTIFF, v. GREYHOUND LINES, INC., DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Essex County

Decided December 21, 1994.

*Steven Hughes* appeared pro se.

*Wesley Pennington* appeared by virtue of *R.* 6:11 for defendant.

FAST, J.S.C.

Plaintiff was a passenger of defendant, a motor vehicle carrier engaged in interstate commerce and travel. Plaintiff's claim is for compensation for the loss of the contents of his baggage, (he waived any claim for the value of the baggage itself), claimed at $2,000. Defendant has raised the issue of whether 49 *U.S.C.A.* § 10730 (previously 49 *U.S.C.A.* § 319, the Carmack Amendment), and the Interstate Commerce Commission regulations (hereinafter referred to as "ICC"), regarding uniform tariff rates, limits plaintiff's claim to a maximum of $1,000. under the subject facts.

In September 1992, plaintiff purchased a ticket to travel by bus from Newark, New Jersey to Atlanta, Georgia, to attend a wedding. When he bought his ticket, he told the ticket agent that he wanted to insure the contents for $2,000. The tariff filed by defendant with the ICC limits the maximum to $1,000.00, but, according to plaintiff, the ticket agent said that it would be insured for $2,000 at a premium of $16. Plaintiff paid that amount and got a receipt [entitled "Excess Value Declaration Receipt"] showing both the $16 premium and the $2,000 coverage. The receipt stated: "This receipt must be submitted with claim for baggage loss or damage. Excess value purchased covers only that segment of the trip as shown above." That segment was from Newark to Atlanta.

When plaintiff arrived in Atlanta, his luggage was originally missing. When it had been located, the bags had been broken into, and the contents removed. The baggage contained six suits, four pair of shoes, a brass platter and a video/camcorder, all valued at approximately $2,600. He immediately completed and filed a claim form, claiming the loss he suffered, as well as writing a letter to Greyhound asking for its immediate attention.

Defendant, Greyhound, raised several defenses at this small claims, summary trial: 1) that it recognized no responsibility for the damage because its investigation showed that the damage did not occur while plaintiff's bags were in its possession, 2) that because plaintiff had no proof of travelling with Greyhound, nor

proof of tampering on Greyhound's part, it was not going to compensate plaintiff for any part of his loss, and 3) defendant asserts that, pursuant to 49 *U.S.C.A.* § 10730 and the I.C.C. regulations regarding uniform tariff rates, it was limited to liability to a maximum of $1,000. The statute and I.C.C. regulations are applicable to any motor vehicle carrier operating interstate, once such carrier files its tariff rates with the I.C.C. Defendant did file National Baggage Tariff, Series A, with the ICC; therefore, defendant argues, the tariff limits the liability in this case to $1,000.

When the I.C.C. rules apply to a motor vehicle carrier, the carrier is able to limit liability to a certain dollar amount per pound, or to limit the maximum liability to $1,000. Defendant argues that courts around the country have held that the relevant federal statutes and regulations conclusively govern the rights and liabilities of the parties and that the set of tariffs and limitations are binding on both carriers and passengers. Two objects of these regulations are to promote uniformity within the interstate transportation field and to eliminate a carrier from favoring one shipper—here, a passenger—over another.

Although a passenger need not have knowledge of a tariff or of the differences and choice of rates [1], the passenger is deemed to have notice thereof because of posting and notice requirements. However, the limitations on the carrier's liability are binding only if the passenger is offered a fair opportunity to choose a higher liability and paying the corresponding charge for insuring an item in excess of the limitation. Unless the passenger is able to choose, the interstate carrier cannot limit recovery for loss to an amount less than the actual loss suffered. *Cray v. Pennsylvania Greyhound Lines,* 177 *Pa.Super.* 275, 110 *A.*2d 892, 896 (1955). "However, the regulations also provide that the carrier would not be responsible for loss or damage in excess of $25 *unless* a greater value was declared on the baggage when it

---

[1] Notice must be posted in prominent places, under I.C.C. regulations.

was checked and a nominal additional charge was paid." *Id.*, 110 *A*.2d at 895 (emphasis added). "And such assent is effective *only if* given after 'a fair opportunity to choose between higher or lower liability *by paying a correspondingly greater or lesser charge....*'" *Chandler v. Aero Mayflower Transit Company*, 374 *F*.2d 129 (4th Cir.1967) (quoting from *New York, N.H. & H.R.R. v. Nothnagle*, 346 *U.S.* 128, 73 *S.Ct.* 986, 97 *L.Ed.* 1500 (1953)) (emphasis added). "*[U]nless* a greater value is declared at the time of shipment, the shipper agrees that the company shall not be liable in any event for more than fifty dollars...." *Southeastern Express Co. v. Pastime Amusement Co.*, 299 *U.S.* 28, 28–29, 57 *S.Ct.* 73, 74, 81 *L.Ed.* 20 (1936) (emphasis added). It is therefore obvious that the limitation is applicable to a motor vehicle carrier engaged in interstate operation only if the passenger or shipper has not paid the charge to insure their belongings in excess of the limit or maximum.

I am satisfied that defendant gave plaintiff notice of both the tariff limitation and option to insure for more than the $1,000 limit, and that plaintiff exercised that option. Can he have any greater evidence than the receipt (number 654505) for the premium and his oral testimony? He even had the corroborating evidence of his prompt baggage tracer/claim, baggage and express inspection report, and a handwritten letter from him to Greyhound. In sharp contrast, defendant presented no evidence to contradict plaintiff's evidence, and was unable to explain the absence of its corresponding copy for the "Excess Value Declaration Receipt."

With reference to the factual issues raised by defendant, I also find plaintiff's testimony to have been credible and uncontradicted.

I conclude that plaintiff declared and paid for the greater value when he checked his baggage and paid the additional premium, and that therefore the $1,000 limitation does not apply to plaintiff. Judgment will be entered in favor of plaintiff for $2,000 plus costs to be taxed by the Clerk.