**CAPORICCI FOOTWEAR, LTD., Plaintiff,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant.**

**Civ. A. No. 94–1083–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Jan. 31, 1995.

Valerie Perrin Morrison, Gold & Stanley, P.C., Alexandria, VA, Edward Lawrence Weiner, Fairfax, VA, Kenneth Roger Weiner, Weiner, Weiner & Weiner, Fairfax, VA, Thomas Bennett Morrison, Morrison & Murray, Rockville, MD, for plaintiff.

Gary Edwin Groves, Gilberg & Kurent, Washington, DC, for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the Court on defendant's motion for summary judgment. Defendant Federal Express Corporation is a federally certificated all-cargo airline operating under authority granted to it by the Federal Aviation Administration. On or about April 4, 1994, Plaintiff Caporicci Footwear, Inc. tendered twenty packages to Federal Express for shipment from Fairfax, Virginia to the International Shoe Company at 4995 N.W. 79th Ave. in Miami, Florida via Federal Express' Collect on Delivery (C.O.D.) Service. Upon delivery of the packages, Federal Express was to collect and return to Plaintiff cashier's checks totalling $97,800. The address listed on the airbill was a self storage complex. The courier drove to a storage bay where an individual identifying himself as Bernie Felice, a representative of International Shoe Company, instructed him to deliver the packages in front of the door of the bay. The plaintiff had in fact previously dealt with an individual named Bernard Felice at the International Shoe Company. The courier unloaded the goods onto the ground in front of the bay and the person identifying himself as Felice handed him two facially valid cashier's checks in the amounts of $91,880.05 and $5,950.00. The plaintiff alleges that several unidentified individuals then loaded the packages onto a waiting U–Haul truck. Federal Express denies that there were any trucks present at the time of delivery. Federal Express subsequently returned the checks to the plaintiff who later discovered that the checks were drawn on a bank that does not exist.

The plaintiff brings this action alleging that Federal Express breached its contractual obligations by failing to go inside the office of the self storage complex to deliver the packages. The plaintiff argues that had the courier gone into the office of the complex he would have determined that there was no such company at that address. Plaintiff further asserts that delivering the packages outside of one of the storage bins constituted negligence and resulted in the conversion of its goods.

Under Fed.R.Civ.P. 56, a court should grant summary judgment if there is no genuine dispute of material facts and the moving party is entitled to judgment as a matter of law. The moving party must demonstrate that there is no issue of material fact. Once the moving party has sustained this burden, the opposing party must introduce specific evidence showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). This Court finds that although there are facts in dispute, these facts are not material to the outcome of the case. Even assuming that all facts propounded by plaintiff are true, the defendant is entitled to summary judgment as a matter of law. *Anderson v. Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ The liability of Federal Express and other federally certificated air carriers for loss attendant to goods in transit is governed exclusively by federal law. *Arkwright–Boston Mfrs. Mutual Ins. Co. v. Great Western Airlines, Inc.*, 767 F.2d 425, 427 (8th Cir.1985); *First Pennsylvania Bank, N.A. v. Eastern Airlines*, 731 F.2d 1113 (3d Cir.1984); *North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233–34 (2d Cir.1978). The airbills such as those used by Federal Express form the basic contract between the shipper and the carrier. *Southern Pacific Transport. Co. v. Commercial Metals Co.*, 456 U.S. 336, 102 S.Ct. 1815, 72 L.Ed.2d 114 (1982). The terms of the airbills, however, may be supplemented by incorporating the carrier's service guides by reference. *Hopper Furs, Inc. v. Emery Air Freight Corp.*, 749 F.2d 1261, 1264 (8th Cir.1984). Federal Express' July 1993 Service Guide was in effect on the date Plaintiff shipped its packages and Federal Express expressly incorporated the terms of this service guide into its Airbills.[1] Accordingly, the language found on the Airbills and in the July 1993 Service Guide constitute the contractual agreement between plaintiff and Federal Express.

Under the terms of the Airbills and Service Guides, the plaintiff assumed all risk of fraud. The reverse side of the Airbills provided that "[a]ll checks (including cashier's, certified, business and personal) and money orders are collected at you [the shipper's] risk, including risk of nonpayment and forgery." The plaintiff concedes that Federal Express is not responsible for accepting the fraudulent checks. The checks appeared to be valid cashier's checks and Federal Express discharged its contractual obligation by collecting, and then delivering, these apparently valid cashier's checks to the plaintiff.

■ The plaintiff argues, however, that Federal Express breached its contractual duties and was negligent by leaving the packages outside of the storage bays instead of delivering the goods to the office inside the building. The Airbills expressly state, however, that Federal Express may make an indirect delivery, which is a completed delivery to an address other than the address on the airbill if the recipient so instructs. Accordingly, even if it is assumed that Federal Express delivered the packages onto the recipient's truck rather than to the address indicated on the Airbills, a fact which Federal Express denies, this would not constitute a breach of the contracts. The courier was complying with the instructions of someone identifying himself as the recipient who possessed cashier's checks in the appropriate amount as payment for the goods. The courier complied with the instructions when delivery was made to the person who reasonably appeared to be a representative of the recipient and thereby discharged Federal Express'

1. The language in the airbill states: "Use of this airbill constitutes your agreement to the service conditions in our current Service Guide, available upon request."

contractual obligations to make an indirect delivery. Plaintiff argues that had Federal Express attempted delivery at United Shoe Distributors as required, it would have then ascertained that there was no such business at that address. Federal Express had no contractual obligation to verify that United Shoe Distributors or anyone else was actually doing business at the address located on Airbills. To impose such a requirement would make Federal Express plaintiff's agent for purpose of completing the transaction between it and the recipient. The Service Guide clearly states that no such agency relationship exists. The Guide states: "... Performance of the C.O.D. Service will not constitute use as the shippee's agent for any purpose...."

Plaintiff also seeks to recover under theories of negligence and conversion. The law is clear, however, that the contractual provisions found in the Airbills and Service Guide govern this action regardless of the theory under which the claim is made. *See Hopper Furs Inc. v. Emery Air Freight Corp.,* 749 F.2d 1261, 1264 (8th Cir.1984) (*quoting Southeastern Express Co. v. Pastime Amusement Co.,* 299 U.S. 28, 30, 57 S.Ct. 73, 74–75, 81 L.Ed. 20 (1936)). Courts have consistently applied contract principles to enforce liability limits and other terms and conditions of performance of contracts of carriage offered by package express carriers. *See Hopper Furs,* 749 F.2d at 1264. In fact, the contractual provisions govern even where it is alleged that the acts of an employee of the carrier resulted in the conversion of the goods. *Deiro v. American Airlines Inc.,* 816 F.2d 1360, 1366 (9th Cir.1987); *Glickfeld v. Howard Van Lines, Inc.,* 213 F.2d 723, 727 (9th Cir.1954). Because there is no evidence that the goods were converted for use by Federal Express, defendant's liability is governed by the terms of the contract.

Moreover, under Virginia law, a plaintiff cannot maintain an action in tort based on a breach of contract claim unless the tort amounts to an independent tort. *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.,* 798 F.2d 669 (4th Cir.1986); *Kamlar Corp. v. Haley,* 224 Va. 699, 299 S.E.2d 514 (1983). An independent tort is one that is factually bound to the contractual breach but whose legal elements are distinct from it. *A & E Supply,* 798 F.2d at 672. Here, there is no independent duty on the defendant except that created by the contract, so the plaintiff cannot establish the basis for an independent tort of negligence.

Accordingly, the Court finds that there being no dispute as to any material fact, the defendant is entitled to judgment as a matter of law.

An appropriate order shall issue.

### ORDER

This matter came before the Court on defendant's motion for summary judgment. For reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that defendant's motion is granted and this case is dismissed.