Andy ABRO d/b/a/ Wirelink of Michigan Plaintiff,

v.

FEDERAL EXPRESS CORPORATION, Defendant.

No. 02–CV–71462.

United States District Court, E.D. Michigan, Southern Division.

Oct. 23, 2002.

Gregory J. Rohl, Rohl & Leone, Novi, MI, J. Alexander Dillon, Novi, MI, for Plaintiff.

Paul D. Galea, Foster, Meadows, Detroit, MI, Thomas W. Murrey, Jr., Memphis, TN, for Defendant.

## *OPINION*

DUGGAN, District Judge.

Plaintiff filed this action against Defendant Federal Express ("FedEx") alleging breach of contract and negligence. This matter is currently before the Court on Defendant's Motion for Summary Judgment. A hearing was held on October 17, 2002. For the reasons set forth below, Defendant's Motion for Summary Judgment shall be granted.

### Background

Plaintiff Andy Abro tendered a shipment to Defendant FedEx on or about June 6, 2001. It was to be shipped via Defendant's Collect on Delivery (C.O.D.) Service to Jerry Kelly of One Stop Cellular in Raleigh, North Carolina. Under the terms of the contract, upon delivery of the package, Defendant was to collect and return to Plaintiff a check in the amount of $30,130.00. Defendant FedEx's records indicate that the package was delivered to the address listed on the airbill to an individual identifying himself as Jerry Kelly, the recipient designated on the airbill. (Def.'s Br. at 2). Defendant accepted a check in the amount of $30,130.00 and returned the check to Plaintiff. The check

was dishonored by Plaintiff's bank for being counterfeit. (Def.'s Br. at 3).

Defendant contends that it is entitled to summary judgment because it has complied with all of its contractual obligations by "collecting a facially valid cashier's check and promptly delivering the same to the Plaintiff." (Def.'s Mot. at ¶ 3). In addition, Defendant maintains that under the terms of the contract between Defendant and Plaintiff, the shipper assumes all risk of fraud.

Plaintiff opposes Defendant's Motion for Summary Judgment on the ground that there is a question of fact as to whether the check accepted by Defendant FedEx was "facially valid." Plaintiff argues that the "instrument . . . reflects numerous irregularities, which essentially likens the instrument to something a kin to Monopoly money. These various facial defects, coupled with the unusual circumstances of tender, would leave a reasonable person truly suspect of its genuineness and validity." (Pl.'s Resp. at 2.) Specifically, Plaintiff states, "[a]s is clear from its face, the document at issue appears as an 'offical' check." (Pl.'s Resp. at 2). Presumably the "unusual circumstances of tender" to which Plaintiff refers is Plaintiff's claim that the delivery of the package was to an address other than the address set forth on the airbill.[1] Plaintiff concedes that if the check is found to be facially valid, Defendant FedEx has no contractual or legal obligation to reimburse Plaintiff. (Pl.'s Resp. at 2).

1. In Plaintiff's Response Brief, Plaintiff raises the issue of delivery destination, alleging that Defendant FedEx delivered the package to a different address than the one listed on the airbill. (Pl.'s Resp. at 3). The only evidence offered in support of this allegation is an unauthenticated "Summary Investigation Report" attached to Plaintiff's Response Brief.

### Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment when "the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

### Discussion

The terms of the contract between Plaintiff and Defendant FedEx are contained on the airbill and in the service guide utilized by Defendant. Regardless of Plaintiff's theory of recovery, these documents govern the action. *Caporicci Footwear, Ltd. v. Federal Express Corp.*, 894 F.Supp. 258, 261 (E.D.Va.1995). The face of Defendant FedEx's C.O.D. Airbill reads, "[b]y using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability." (Def.'s Br. Exhibit D). The back of the Airbill reads: "All checks and money orders are collected at your risk, including risk of nonpayment and forgery." (Def.'s Br. Exhibit D). The "Collect on Delivery (C.O.D.) Service" section of the operative Service Guide reads: "Checks . . . and money orders for the C.O.D. Amount will be collected at the shipper's sole risk, including, but not limited to, all risk of nonpayment, fraud and forgery, and we will not be liable upon any such instrument." (Def.'s Br. Exhibit E at 77).

A properly authenticated record of shipment submitted by Defendant indicates that the package was delivered to 5617 Creedmoor, the address indicated on the airbill. (Def.'s Br. Exhibit C). As such, Plaintiff has not raised a genuine issue of fact as to where the package was delivered.

The issue before the Court is a narrow one. Defendant contends that by accepting a facially valid check, it fulfilled its contractual obligations. Therefore, all risk of loss, including the risk of nonpayment and fraud falls on Plaintiff. Plaintiff acknowledges that if the check is facially valid, Plaintiff has no cause of action.

According to the C.O.D. Airbill utilized in this case, Defendant was to collect "Secured Payment" in the amount of $30,130.00. (Def.'s Exhibit B). Secured payment includes a Money Order, Cashier's Check, or Official Check. Defendant accepted what appears to be an Official Check, even though the word "Official" is misspelled on the face of the check. (Pl.'s Resp. Exhibit A).

Plaintiff argues that the misspelling on the face of the check creates an issue of fact as to whether the check is facially valid. "Facially valid" is not defined but presumably means that "it appears" to be valid. In this Court's opinion, no disputed fact issue exists [2]; the issue of whether or not it was unreasonable for Defendant to have accepted this check is, in this case, an issue of law.

In a similar case, *McCall–Thomas Eng'g Co., Inc. v. Federal Express Corp.*, the Fourth Circuit affirmed a district court's granting of summary judgment for FedEx where a cashier's check, which later turned out to be fraudulent, was accepted on a C.O.D. shipment. 81 F.3d 28 (4th Cir. 1996). In *McCall–Thomas*, the Plaintiff argued that FedEx breached the contract [3] by "collecting an invalid cashier's check and failing to verify the check in light of suspicious circumstances." *Id.* at 30. The suspicious circumstances were that the amount of the check accepted by FedEx exceeded the amount specified by the Plaintiff on the airbill. *Id.* at 30. In addition, the airbill indicated that delivery was to be made to Ron Stevens of Medicomp Medical Supplies. However, when the FedEx carrier went to the address listed on the airbill, which was a gated office complex, there was no listing for either Ron Stevens or Medicomp. *Id.* at 30. After two unsuccessful attempts to deliver, FedEx received a call from someone looking for the delivery. The FedEx carrier returned to the address, was met by an individual outside of the complex's gates identifying himself as T. Johnson, and released the package. *Id.* A cashier's check, which was later determined to be drawn on a non-existent bank, was accepted from this individual. *Id.* On these facts, the Fourth Circuit affirmed summary judgment for Defendant FedEx.

The court stated that, "Federal Express's [sic] only duty under this contract was to collect a facially valid cashier's check." *Id.* at 30 (citation omitted). Further, the check fit the definition of a cashier's check. Accordingly, "Federal Express was contractually obligated to collect a facially valid and authorized form of payment, but not to take independent steps to verify the instrument." *Id.* at 31.

In the case at bar, Defendant FedEx collected an authorized form of payment, a check which had all the appearances of an Official Check. The U.C.C. defines check as "a draft, other than a documentary draft, payable on demand and drawn on a bank." U.C.C. 3–104(f)(2002). The check

---

**2.** Plaintiff attempts to create an issue of fact by submitting an affidavit of Marty Junkulis, a "longtime employee of Federal Express." This affidavit has no evidentiary value. There is no indication that this individual has any particular expertise or competency to offer testimony that would aid the Court in determining whether or not Defendant violated the terms of the contract by accepting this check.

**3.** In *McCall–Thomas* the parties were bound by contract terms identical to the ones binding the parties in the case at bar.

at issue meets that definition. There are no restrictions on the face of the check regarding time of payment and it is drawn on a bank. The check was payable to the Plaintiff's business in the exact amount specified on the C.O.D. Airbill.

It is true, as Plaintiff points out, that the word "official" is misspelled, "offical." While a close examination of the check would reveal this and other misspellings, this Court does not believe that those spelling errors render this check "facially invalid."

The unambiguous contract between the parties should be given effect. The Terms and Conditions of Defendant FedEx's C.O.D. Service state that: "Checks (including cashier's, official, certified, business and personal checks) and money orders for the C.O.D. Amount will be collected at the shipper's sole risk, including, but not limited to, all risk of nonpayment, fraud and forgery, and we will not be liable upon any such instrument." (Def.'s Br. Exhibit E at 77). In this case, unfortunately, the Plaintiff was a victim of fraud and he assumed that risk when he elected to use Defendant FedEx's C.O.D. Service.

### Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment shall be granted. A Judgment consistent with this Opinion shall issue.