**PRESS CLEAN SALES, LLC, Plaintiff,**

v.

**MAXUM TRANS INC., Defendant.**

**15–cv–3857 (ADS)(AYS)**

United States District Court, E.D. New York.

Signed February 10, 2017

Hill Rivkins LLP, Attorneys for the Plaintiff, 45 Broadway, Suite 1500, New York, NY 10006, By: James A. Saville, Esq., John J. Sullivan, Esq., Andrew John Warner, Esq., Of Counsel

NO APPEARANCES: Maxum Trans Inc., The Defendant

## ADOPTION ORDER

SPATT, District Judge.

On July 1, 2015, the Plaintiff Press Clean Sales LLC (the "Plaintiff") commenced this action against the Defendant Maxum Trans Inc. (the "Defendant") pursuant to the Carmack Amendment, 49 U.S.C. § 14706 et seq., to recover losses caused by a damaged shipment.

On December 3, 2015, the Clerk of the Court noted the default of the Defendant.

On June 6, 2016 the Plaintiff moved for default judgment. On June 17, 2016, this Court referred the Plaintiff's motion for default judgment to United States Magistrate Judge Anne Y. Shields for a report and recommendation as to whether the default judgment should be granted and, if so, whether damages should be awarded.

On January 26, 2017, Judge Shields issued a report and recommendation (the "R & R") recommending that default judgment be granted, and that the Plaintiff be awarded damages in the amount of $154,926.54. The Plaintiff filed proof of service of the R & R to the Defendant on the same day.

It has been more than fourteen days since the service of the R & R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R & R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13–CV–1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R & R is adopted in its entirety. The Clerk of the Court is directed to enter judgment for the Plaintiff in accordance with the R & R, and to close this case.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

ANNE Y. SHIELDS, United States Magistrate Judge:

Plaintiff Press Clean Sales, LLC ("Press Clean" or "Plaintiff") brings this action pursuant to the Carmack Amendment, 49 U.S.C. § 14706 et seq., against Defendant Maxum Trans Inc. ("Maxum" or "Defendant"), to recover its losses caused by a damaged shipment consisting of a Heidelberg Printing Press.

The case was commenced in July of 2015. See Compl., Docket Entry ("DE") [1]. Defendant failed to answer and Press Clean thereafter requested entry of a certificate of default. The Clerk of the Court has issued that certificate, and Plaintiff has moved for entry of judgment thereon. Presently before this Court is the District Court's referral of the Plaintiff's motion for issuance of a Report and Recommendation as to whether Plaintiff has established Defendant's liability such that the motion should be granted, and if so, to determine the appropriate amount of damages, costs,

and/or fees, if any to be awarded. For the reasons set forth below, this Court recommends entry of judgment on behalf of Press Clean and that a judgement awarding damages in the amount of $154,926.54 and prejudgment interest from November 12, 2014 through entry of judgment be entered against Defendant.

## BACKGROUND

### I. Facts

The following facts adduced from Plaintiff's Complaint, and the affidavit of Kathleen Rawlings ("Rawlings Aff."), and declaration of John J. Sullivan ("Sullivan Decl."), and the exhibits attached thereto, are undisputed and taken as true for purposes of deciding this motion. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted).

Plaintiff Press Clean is a North Carolina limited liability company doing business in Kernersville, North Carolina. See Compl. ¶ 1. In October 2014, Plaintiff purchased a Heidelberg Printing Press, Model SM52-6P3+LX, serial number 205778 (the "Press"), with all existing accessories and spare parts (the "shipment"), from 1800 Postcards, Inc., for $225,000. See Rawlings Aff. ¶¶ 1-2, DE [23]; see also Rawlings Aff. Ex. 6, DE [23-1]. The shipment was to be picked up from Huntington Station, New York, by Shadow Transport, Inc., and transported by its subcontractor, Defendant Maxum, for shipment by road from Shadow Transport's yard to Press Clean's premises in Kernersville, North Carolina, during the first week of November 2014. Rawlings Aff. ¶ 3. As evidenced and confirmed by the bill of lading dated November 12, 2014, Plaintiff's receiving personnel immediately noted significant physical damage to the arriving shipment. See Rawlings Aff. Ex. 7, DE [23-2]; see also Rawlings Aff. ¶ 3.

After receiving the damaged shipment, Plaintiff undertook to repair the Press and related equipment. Rawlings Aff. ¶ 4. Press Clean incurred expenses totaling $154,926.54 to repair the machinery, which included 1) $40,450.80 for labor by its staff and a moving company for handling the damaged unit at their premises; 2) $57,852.51 to subcontractors for various repair work; and 3) $56,623.23 for replacement parts and materials, shipping costs for the replacement materials and other outside repair expenses. See Rawlings Aff. ¶ 4; see also Rawlings Aff., Exs. 8-11, DE [23-3], [23-4], [23-5], [23-6].

### II. Procedural History

The instant action was commenced on July 1, 2015. See Compl. On September 8, 2015, the Clerk of the Court issued a summons directed to Defendant Maxum. DE [8]. On September 22, 2015, the complaint and summons was personally served on Maxum at its place of business, 8834 Nida Court, Hickory Hills, Illinois. DE [9].

Maxum never responded or moved in response to the complaint. Accordingly, Plaintiff requested entry of a certificate of default. See DE [10]. The Clerk of the Court noted Maxum's default on December 3, 2015. See DE [12]. Press Clean thereafter moved for entry of a judgment of default, DE [21], which motion was referred to this Court for Report and Recommendation. See Referral Order, DE [24].

## DISCUSSION

### I. Legal Principles

#### A. Standards Applicable to Damages Award Following Default Judgment

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. See Fed. R. Civ. P.

55; Priestley v. Headminder, Inc., 647 F.3d 497, 504–05 (2d Cir. 2011). First, the moving party must obtain a certificate of default from the Clerk of Court. Fed. R. Civ. P. 55(a). Once the certificate is issued, the moving party may apply for entry of a judgment of default. Id. Rule 55(b). In the context of a default, the well-pleaded factual allegations set forth in the complaint relating to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155–58 (2d Cir. 1992). A plaintiff is not, however, entitled to a default judgment as a matter of right just because a party is in default. Rather, the court must determine whether the well-plead allegations establish liability as a matter of law. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011). If liability is established, the court turns to ascertain damages "with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). A hearing is not necessarily required and affidavits are sufficient as long as the Court can ensure that there is a basis for the damages sought by way of the proposed default judgment. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

## II. Liability

■ The Carmack Amendment governs the liability of motor carriers for loss or damage to goods transported in interstate commerce and creates uniform national rules that preempt all federal and state common law claims against the carriers. See 49 U.S.C. § 14706(d); Am. Rock Salt Co., LLC v. Norfolk S. Corp., 387 F.Supp.2d 197, 202 (W.D.N.Y. 2005). It relieves shippers of the burden of searching out a particular carrier from among the often numerous carriers handling an interstate shipment of goods. See Cleveland v. Beltman N. Am. Co., Inc., 30 F.3d 373, 377 (2d Cir. 1994). The statute imposes broad liability on a common carrier for all losses relating to goods it transports in interstate commerce. See Union Pac. R.R. v. Greentree Transp. Trucking, 293 F.3d 120, 127 (3d Cir. 2002); Windows, Inc. v. Jordan Panel Sys. Corp., 177 F.3d 114, 117 (2d Cir. 1999). In fact, "Carmack effectively codified the strict liability rule that governed the liability of common carriers at common law." Sompo Japan Ins. Co. v. Union Pac. R.R. Co., 456 F.3d 54, 59 (2d Cir. 2006) (citations omitted), abrogated on other grounds by Kawasaki Kisen Kaisha Ltd. v. Regal–Beloit Corp., 561 U.S. 89, 130 S.Ct. 2433, 177 L.Ed.2d 424 (2010).

■ A plaintiff seeking to recover from a carrier for damage to a shipment under the Carmack Amendment must establish a prima facie case by showing delivery in good condition, arrival in damaged condition, and the amount of damages that resulted from the transportation. Nipponkoa Ins. Co. v. C.H. Robinson Worldwide, Inc., 2011 WL 671747, at *3 (S.D.N.Y. 2011) (citing Missouri Pac. R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 137, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964)). Press Clean has provided a bill of lading listing Shadow Transport, Inc., as the carrier to transport the shipment from Huntington Station, New York to Kernersville, North Carolina (Rawlings Aff., Ex. 7), and alleged in the Complaint, that the shipment was delivered to Maxum on November 6, 2014 in good order and condition and intended for transit by Maxum, and was damaged while being transported by Maxum to Kernersville, North Carolina. See Compl. ¶¶ 6-7. A shipper may prove that the goods were delivered to the carrier in good condition with "a clean bill of lading for the shipment, provided that the cargo was packaged in a way that permitted its inspection by the car-

rier." Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004). However, in the absence of contrary evidence, the carrier's acknowledgment on the bill of lading is sufficient to support a finding that the goods were in good condition at the point of origin. Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc., 325 F.3d 924, 929 (7th Cir. 2003) (quoting Hoover Motor Express Co. v. United States, 262 F.2d 832, 834 (6th Cir. 1959)). Plaintiff's inspection conducted at Press Clean's business facility on the same day of delivery showed that the "goods arrived damaged." Rawlings Aff., Ex. 7.

Plaintiff's undisputed allegations are sufficient to establish liability against Maxum.

## III. Damages

Plaintiff seeks compensatory damages under the Carmack Amendment, plus interest and costs. See Compl.; see also Def. Mot., Proposed Judgment, DE [21-1]; see also Sullivan Decl. ¶ 8, DE [22]

### A. Actual Loss

■ Under the Carmack Amendment, a carrier is "liable to the person entitled to recover under the receipt or bill of lading" and an injured party is entitled to recover "the actual loss or injury to the property caused by [a carrier's unreasonable delay or loss of the shipment]." 49 U.S.C. § 14706(a)(1). Generally, actual loss is measured as the difference between the sound market value and the value as damaged at destination. Jessica Howard Ltd. v. Norfolk S. R.R. Co., 316 F.3d 165, 168 (2d Cir. 2003). See Am. Pacific Enters., LLC v. Celadon Trucking Servs., Inc., 2006 WL 2289833, at *3 (S.D.N.Y. 2006). The Second Circuit has recognized that "[r]elief available [under the Carmack statute] includes all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." Windows, Inc. v. Jordan Panel Sys., Inc., 177 F.3d 114,118 (2d Cir. 1999) (citing Se. Express Co. v. Pastime Amusement Co., 299 U.S. 28, 29, 57 S.Ct. 73, 81 L.Ed.20 (1936)).

■ Here, Plaintiff's losses occurred from repairing the damaged shipment in order to render it suitable for the purposes for which Plaintiff purchased it. Press Clean has shown it incurred expenses totaling $154,926.54 to repair the machinery, which included 1) $40,450.80 for labor by its staff and a moving company for handling the damaged unit at their premises; 2) $57,852.51 to subcontractors for various repair work; and 3) $56,623.23 for replacement parts and materials, shipping costs for the replacement materials and other outside repair expenses. See Rawlings Aff. ¶ 4; see also Rawlings Aff., Exs. 8-11. Therefore, this Court recommends that Plaintiff be awarded $154,926.54 for the injury to the property.

### B. Interest

■ Plaintiff further claims entitlement to prejudgment interest from the date of delivery of the damaged goods to present. An award of prejudgment interest is within the Court's discretion. See generally Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1071 (2d Cir. 1995). An award of prejudgment interest is appropriate in this case. See, e.g., Fireman's Fund Ins. Co. v. Never Stop Trucking, Inc., 2009 WL 3297780, at *3 (E.D.N.Y. Oct. 13, 2009) (in Carmack Amendment case, finding award of prejudgment interest "necessary to fully compensate [plaintiff] and make them whole"); Pro Transp. Servs., Inc. v. Anka Trucking, Inc., 2009 WL 6066292, at *2 (E.D.N.Y. Sept. 25, 2009) (recommending award of interest to ensure that plaintiff is fully compensated for it loss), adopted, 2010 WL

1048805, *1 (E.D.N.Y. Mar. 22, 2010). The accrual date for the purpose of calculating prejudgment interest in this matter is November 12, 2014, the date of delivery. See Rawlings Aff. Ex. 7. As to the rate of interest, it is recommended that the rate provided by 28 U.S.C. § 1961 be utilized. See Fireman's Fund Ins. Co., 2009 WL 3297780, at *4; Pro Transp. Servs., 2009 WL 6066292, at *2.

### C. Costs

FED. R. CIV. P. 54(d)(1) provides that "unless a federal statute ... provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Since the Carmack Amendment does not disallow the recovery, Plaintiff would therefore be entitled to such costs. However, Plaintiff has sought costs without submitting any explanation or supporting evidence for its request. Absent any basis for an award of such costs, this Court recommends that Plaintiff's request be denied.

### CONCLUSION

For the foregoing reasons the Court respectfully recommends that Plaintiff's motion for a default judgment be granted and that the District Court direct the Clerk of Court to enter judgment in favor of Plaintiff and against Defendant in the amount of $154,926.54, plus prejudgment interest from November 12, 2014 through entry of judgment.

### OBJECTIONS

A copy of this Report and Recommendation is being provided to Plaintiff's counsel via ECF. Furthermore, the Court directs Plaintiff's counsel to (1) to serve a copy of this Report and Recommendation by first class mail to Defendant at its last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** Thomas v. Arn, 474 U.S. 140, 145, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Central Islip, New York

January 26, 2017